Argued December 15, 1926, affirmed January 18, 1927.

## GEORGE H. JOHNSON *v.* THE PRUDENTIAL LIFE INSURANCE COMPANY.

(252 Pac. 556.)

Pleading—Refusing to Strike Allegation for Reasonable Attorney's Fee from Complaint in Suit on Life Policy, Held not Error (Or. L., § 6355).

1. In suit on life insurance policy, where proof of loss was filed August 15, 1923, more than eight months prior to date of amended complaint, overruling motion to strike allegation for $500 as reasonable attorney's fee, under Section 6355, Or. L., *held* not error.

Pleading—Allegation for Reasonable Attorney's Fee, in Suit on Life
  Insurance Policy, Should have Been Introduced by Supplemental
  Plea, and not Amendment (Or. L., § 6355).

2.   Where action on life insurance policy was brought more than
eight months after proof of loss was filed with insurer, allegation
for reasonable attorney's fee, under Section 6355, Or. L., should
have been introduced by supplemental plea, and not by amendment
to complaint.

Insurance—Evidence Held to Show Superintendent of Insurer had
  Knowledge of Soliciting Agent's Extension of Credit for First
  Insurance Premium.

3.   Where insured met accidental death before first premium on
life insurance policy was paid, evidence *held* to show that superin-
tendent of insurer had knowledge that credit for payment of first
year's premium was extended to father of insured by soliciting
agent.

Insurance—Testimony of Plaintiff's Conversation With Defendant's
  Superintendent Held Admissible to Support Contention That
  Superintendent had Knowledge of Extension of Credit.

4.   In action on life insurance policy, testimony of plaintiff's
conversation with defendant's superintendent as to superintendent
reading copy of his letter to insurer *held* admissible, as supporting
contention that superintendent had knowledge of extension of credit
for first year's premium by soliciting agent.

Insurance—General Agent may Waive Prepayment of Premium.

5.   General agent of life insurance company may waive prepay-
ment of premium.

Insurance—Where Policy Constituting Receipt for First Premium
  is Delivered Unconditionally, Insurer cannot Avoid Liability
  by Denial That Premium was Paid.

6.   Where policy constitutes receipt for first premium, and has
been unconditionally delivered to insured insurer cannot avoid lia-
bility by denial that first premium had been paid.

Appeal and Error—Error in Instructing That Jury Could Consider
  Possibilities of Appeal in Basing Amount of Attorney's Fees Held
  Harmless, in View of Amount Allowed by Jury (Or. L., § 6355).

7.   In action on life insurance policy, error in instructions that
jurors, on question of reasonable attorney's fees, under Section
6355, Or. L., could consider possibility of appeal, *held* not to require
reversal, where amount allowed was not exhorbitant and was
less than amount plaintiff's testimony showed to be reasonable.

---

5.   Right of general agent to waive prepayment of premium,
see note in 69 Am. St. Rep. 150. See, also, 14 R. C. L. 958.
*6.   See 14 R. C. L. 958.

Costs—Circuit Court cannot Allow and Determine Costs and Expenses of Trial in the Supreme Court.

8. An appeal being a separate procedure from trial in Circuit Court, latter court cannot, in absence of statute, allow or determine costs and expenses of trial in the Supreme Court.

Appeal and Error, 3 C. J., p. 320, n. 72, p. 780, n. 38, p. 793, n. 35; 4 C. J., p. 1029, n. 30.

Insurance, 32 C. J., p. 1069, n. 58, p. 1135, n. 17, 18, 19, p. 1136, n. 42, 44, p. 1137, n. 46, 48, 49, p. 1138, n. 59, p. 1139, n. 73, 74; 33 C. J., p. 120, n. 12, p. 128, n. 6, p. 149, n. 73, 81.

From Multnomah: George W. Stapleton, Judge.

Department 1.

This appeal is from a judgment in favor of the plaintiff for the sum of $1,967.43, the further sum of $500 attorney's fee and the costs and disbursements of the action. In May, 1923, plaintiff applied to the defendant insurance company for a 20-year life insurance policy on each of his two minor sons, requesting the company to issue one policy June 20, 1923, and the other policy July 20, 1923. The defendant company issued a policy on the life of Verne Johnson, June 20, 1923. The first premium for which was paid July 23, 1923, at the same time the policy on the life of Loyst W. Johnson, the other minor son, was delivered. The first premium was not paid on the life of Loyst W. Johnson at the time it was delivered. The plaintiff claims that the policy was delivered unconditionally and that thirty days' credit was given him in which to pay the first premium. The defendant claims that the policy on the life of Loyst was left for inspection only and denies liability because the first premium was not paid. Loyst was killed in an accident at Metzger Junction on August 10, 1923, within thirty days after the delivery of the policy to the plaintiff. The application for both said policies were identical and contained this sentence:

"I further agree that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and that UNLESS the full first premium is paid by me at the time of making this application, the policy shall not take effect until issued by the company and received by me and the full first premium thereon is paid while my health, habits and occupation are the same as described in this application."

Both policies also contained the following provisions:

"(a) PAYMENT OF PREMIUMS: This policy is based upon the payment of premiums annually in advance.

"(b) MODIFICATION, etc.: No condition, provision or privilege of this policy can be waived or modified in any case except by an endorsement hereon signed by the President, one of the Vice Presidents, the Secretary, one of the Assistant Secretaries, the Actuary, the Associate Actuary or one of the Assistant Actuaries. No modification or change shall be made in this policy except such as is in accordance with the laws of the state in which the same is issued. No agent has power in behalf of the company to make or modify this or any other contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representation or information.

"(c) ENTIRE CONTRACT CONTAINED IN THIS POLICY: This policy, together with the application, a copy of which is attached hereto, contains and constitutes the entire contract between the parties hereto, and all statements made by the insured shall in the absence of fraud be deemed representations and not warranties, and no statement shall avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application for the policy and unless a copy of such application be endorsed upon or attached to the policy when issued."

The instruction to the agents of the defendant contained the following:

"The policy by its terms constitutes the receipt for the first premium; therefore an agent must not allow a policy to pass into the possession of the applicant unless the good health of the person insured and within the time allowed by the company for delivery, except that (when necessary) a policy may be left with an applicant for a few days for purpose of inspection provided the receipt on form 1565 is obtained and filed in the district office. A representative who leaves a policy with the applicant without obtaining completed form 1565 will be held responsible for the amount of the first premium. * *

"(c) Policies must not be delivered unless premium is actually paid in cash. The company does not under any circumstances recognize premium settlements by note. The acceptance of a note by the agent obligates him to settle at once with the company in cash."

The errors assigned by defendant are eight in number, which may be reduced, however, to the following: First, refusal of the court to strike paragraph six of the plaintiff's amended complaint. That paragraph contains the allegation for $500 as reasonable attorney's fee. Second, overruling defendant's demurrer to plaintiff's amended complaint. Third, admitting in the testimony of plaintiff a conversation between him and D. E. Wilson, superintendent of the Portland office of defendant. Fourth, denying defendant's motion for a nonsuit, denying defendant's motion for a directed verdict and refusing defendant's request for a verdict in its favor. Fifth, instructing the jury to take into consideration the possibility of an appeal in fixing the amount of attorney's fee to be allowed plaintiff. Assigned errors as outlined above, No. 2 and No. 4, together with assigned error

in overruling and denying defendant's motion for a new trial, are all addressed to the same legal question and will be treated as one assigned error.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Brice & Brazell,* with an oral argument by *Mr. E. J. Brazell.*

For respondent there was a brief and oral argument by *Mr. Bartlett Cole.*

COSHOW, J.—1, 2. The insured, Loyst W. Johnson, died August 10, 1923. The amended complaint was filed on April 29, 1924. The statute, section 6355, Or. L., prescribes that whenever any suit or action is brought in any courts of this state upon any policy of insurance of any kind and nature, the plaintiff, in addition to the amount which he may recover, shall be allowed such sum as the court or jury may adjudge to be reasonable attorney's fee in such suit or action; provided, that settlement is not made within eight months from the date proof of loss is filed with the company. Proof of loss in this case was filed August 15, 1923, more than eight months prior to the date the amended complaint was filed. The motion to strike paragraph six was on the ground that the same is irrelevant and immaterial. No objection was made to allowing the complaint to be amended so as to include the allegation for attorney's fee. That allegation should have been introduced by supplemental plea, but inasmuch as that question was not raised in the Circuit Court it will be ignored here. It is a matter purely of form, not of substance: *Walker* v. *Fireman's Fund Ins. Co.,* 114 Or. 545, 573 (234 Pac. 542).

3-5. The testimony objected to was to the effect that Mr. Wilson, superintendent at Portland of defendant company, had knowledge of the alleged extension of credit by the agent Seydel. It was contended by the defendant that Mr. Wilson knew nothing of the alleged extension of credit and that Seydel had no authority to extend credit. In the conversation testified to the plaintiff said that Mr. Wilson read to him a letter or part of a letter which he had written to the defendant company from which it could be inferred that Mr. Wilson had knowledge of the extension of credit. That point was directly in issue and the conversation was admissible as tending to support the contention of plaintiff in that regard. A general agent may waive prepayment of the premium: *Harrison* v. *Birrell,* 58 Or. 410, 418 (115 Pac. 141); *Francis* v. *Mutual Life Ins. Co.,* 55 Or. 280 (106 Pac. 323); *American Employers' Liability Ins. Co.* v. *Fordyce,* 62 Ark. 562 (36 S. W. 1051, 54 Am. St. Rep. 305-308); *Virginia Fire & Marine Ins. Co.* v. *Richmond Mica Co.,* 102 Va. 429 (46 S. E. 463, 102 Am. St. Rep. 846 et seq.), and other authorities cited below; 32 C. J. 1135, § 242; Joyce on Insurance (2 ed.), 308, § 86.

Mr. Wilson represented the defendant in this state. The defendant is a corporation having its principal office and place of business in Newark, New Jersey The policy involved was written at the office of the company in Newark. The opinion in *Hinkson* v. *Kansas Life Ins. Co.,* 93 Or. 473 (183 Pac. 24), criticises the former opinion of this court expressed in *Cranston* v. *West Coast Life Ins. Co.,* 72 Or. 116, 130 (142 Pac. 762), as follows:

" * * if the officers of the company had an opportunity to inform themselves of the facts and circum-

stances of the delivery of the policy and the arrangement as to the premium, and failed to do so, it would be equivalent to such knowledge: Reinhard, Agency, § 140."

The opinion in *Hinkson* v. *Kansas Life Ins. Co.*, above, discussed at length the question under consideration and cited with approval *Sykes* v. *Sperow*, 91 Or. 568, 583 (179 Pac. 488); 1 Mechem on Agency, § 404, 93 Or. 473, 490 (183 Pac. 24, 30):

"At the same time, however, the principal cannot be justified in willfully closing his eyes to knowledge. He cannot remain ignorant where he can do so only through intentional obtuseness. He cannot refuse to follow leads, where his failure to do so can only be explained upon the theory that he preferred not to know what an investigation would have disclosed. He cannot shut his eyes where he knows that irregularities have occurred. In such a case, he will either be charged with knowledge, or with a voluntary ratification with all the knowledge which he cared to have."

In the instant case the plaintiff had applied for and received two policies of insurance upon the life of two of his minor sons. At the time application was made for the policies, he requested that one of the policies be dated a month later than the other and asked for a month's credit in which to pay the first premium. This request was granted by the agent who solicited the insurance. The policy dated in June was delivered and the first premium paid for by the plaintiff in July at the same time the second policy was delivered. Mr. Wilson, the superintendent and manager of the defendant's office in Portland, under the facts in this case, must be charged with knowledge of the conduct of his agent who solicited the insurance. The rules of the company re-

quired weekly reports from its agents. The soliciting agent reported to the cashier in the office and under the control of Mr. Wilson. What she knew he must be charged with knowing. The very purpose of having the soliciting agent report to the cashier every week was to keep the superintendent and manager informed of the business transacted and the condition of the business. All of the information necessary to charge the defendants's manager was in his office and at his command. He cannot, therefore, be heard to say that he did not know that credit had been extended to the plaintiff as the jury found.

6. Defendant in its brief says:

"The Court, under proper instructions, submitted to the jury the question as to whether there was an unconditional delivery of the policy under an agreement to extend the time for payment of the premium, as claimed by plaintiff; or whether the policy was conditionally delivered for the purpose of inspection only, as testified by Seydel."

By its verdict the jury found that the policy was unconditionally delivered. Defendant's instructions to its agents contains the following:

"The policy by its terms constitutes the receipt for the first premium; THEREFORE, AN AGENT MUST NOT ALLOW A POLICY TO PASS INTO THE POSSESSION OF THE APPLICANT UNLESS THE FULL FIRST PREMIUM HAS BEEN PAID DURING THE GOOD HEALTH OF THE PERSON INSURED AND WITHIN THE TIME ALLOWED BY THE HOME OFFICE FOR DELIVERY, except that (when necessary) a policy may be left with an applicant for a few days for purposes of inspection, provided receipt on Form 1565 is obtained and filed in the District Office."

The receipt on form 1565 was not taken, nor was the substitute receipt which was materially different in form filed in the district office. The rules further

make the agent personally liable for delivering a policy without collecting the first premium. The policy contains this language:

"Annual premium thirty-two and 57/100 dollars payable on the delivery of this policy the receipt of which premium is hereby acknowledged * * ."

The great weight of authority is to the effect that where the policy itself constitutes a receipt for the first premium and the policy has been unconditionally delivered to the insured, the insurer cannot thereafter for the purpose of avoiding liability on the policy deny that the first premium has been paid: *Britton* v. *Metropolitan Life Ins. Co.*, 165 N. C. 149 (80 S. E. 1072, Ann. Cas. 1915D, 363); *Cranston* v. *West Coast Life Ins. Co.*, 63 Or. 427, 443 (128 Pac. 427), 72 Or. 116 (142 Pac. 762); 32 C. J. 1132–1139; *Mutual Life Ins. Co.* v. *Vaughan*, 125 Miss. 369, 378–386 (88 South. 11); 1 Joyce on Insurance, § 86.

We have carefully examined the authorities relied upon by defendant. The case of *MacKelvie* v. *Mutual Life Ins. Co.*, 287 Fed. 666, is easily distinguished from the instant case. The case at bar is more nearly analogous to the case of *Smith* v. *Provident Sav. Life Assur. Soc.*, 65 Fed. 765 (13 C. C. A. 284), distinguished in the MacKelvie case in pages 667, 668. There is much in the reasoning in the opinion in the MacKelvie case which supports the contention of the defendant but it is not applicable to the instant case. We decline to follow the cases of *Reliance Life Ins. Co.* v. *Hightower,* 148 Ga. 843 (98 S. E. 469), and *Russell* v. *Prudential Life Ins. Co.*, 176 N. Y. 178 (68 N. E. 252, 98 Am. St. Rep. 656).

7. Defendant complains because the judge among others gave the following instruction:

"With regard to what is generally paid for such (attorneys') services you have a right to take into consideration the possibility of an appeal, but that goes with any case in a case of importance. Whenever these questions are involved the jury has the right to take into consideration what the labor has been in the past and what the possibilities are of an appeal, and take that all into consideration and then upon that to base your amount of what would reasonably compensate them for the services that they will have to perform in connection with this matter."

The statute provides that "Whenever any suit or action is brought in any courts of this state upon any policy of insurance * * , the plaintiff, in addition to the amount which he may recover, shall also be allowed and shall recover *as part of said judgment* such sum as the court or jury may adjudge to be reasonable as attorney's fees in *said suit or action*." Or. L., § 6355.

8. This court has held that an appeal is a separate procedure from the trial in the Circuit Court: *Shirley* v. *Birch,* 16 Or. 1 (18 Pac. 351, 8 Am. St. Rep. 273). The attorney's fee provided by the statute is to be allowed as part of the costs and expenses of the litigation: *Title Guarantee Co.* v. *Wrenn,* 35 Or. 62, 70 (56 Pac. 271, 76 Am. St. Rep. 454). The Circuit Court cannot, in the absence of a statute authorizing it, allow or determine the costs and expenses of a trial in this court.

In the instant case the questions propounded to the witness for the plaintiff touching attorney's fee included the possibility of an appeal. No objection was made to the questions. The amount allowed by the jury is less than the amount testified to as being a reasonable fee by plaintiff's witness and more than the evidence in behalf of defendant fixed it. The amount allowed is not exorbitant. While we hold the

instruction quoted above erroneous, we also hold it not sufficient to justify reversal. Finding no other error the judgment is affirmed.        AFFIRMED.

McBRIDE, C. J., and BURNETT, J., concur.

RAND, J., dissents.