JOHN J. O'NEILL, *p.a. vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

MAY 10, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an action of assumpsit on a life insurance policy to recover certain premiums which plaintiff paid after he became totally and permanently disabled. After a verdict for the plaintiff, a new trial was granted the defend-

ant on the sole ground that the verdict was against the weight of the evidence as to whether the plaintiff had paid the full first premium before he became disabled.

The case is here on a bill of exceptions by each party, but on the view which we take of the evidence, it will be necessary for us to consider only plaintiff's exception to the trial justice's denial of his motion for a directed verdict.

It appears from the evidence that, on February 25, 1933, plaintiff applied to defendant for a policy of insurance on his own life. Included in such policy was a provision for waiver of premiums if plaintiff became permanently and totally disabled after the payment of the full first premium of $15.95. A payment of $2 on account of such premium was made with the application. Defendant granted the application and, on February 27, 1933, issued its policy which bore the following acknowledgment: "Quarter Annual Premium During the First Five Years . . . Fifteen and 95/100 payable on the delivery of this policy, the receipt of which premium is hereby acknowledged." The policy is signed by the president and the secretary of the defendant company. It was offered in evidence by the plaintiff and was, without objection, admitted as an exhibit. After the policy was admitted, plaintiff did not rest his case but put in testimony by his wife that the policy was delivered on March 1, 1933; that all the premiums were paid; that plaintiff became permanently and totally disabled by reason of a mental disease on April 24, 1933; and that, by his wife, he made a claim in 1936 for premiums that he had paid since his disability and also for a waiver of future premiums, which claim defendant, after an investigation, denied. Thereafter defendant continued to collect the full premiums on the policy.

Defendant, at the trial in the superior court, admitted that the policy was delivered; that all premiums were paid; that plaintiff was permanently and totally disabled on April 24, 1933; that thereafter in 1936 a claim for disability benefits was made in due form and that it was denied; but it sought to show by certain of its records pertaining to plaintiff's

policy and by testimony of several of its employees who had occasion to concern themselves with such policy, either in the collection of the premiums and their transmission to defendant's home office in Newark, New Jersey, or in the investigation of plaintiff's claim, that the policy was not delivered and the full first premium paid until April 24, 1933.

Defendant's witness, Nicholas Curto, who had investigated plaintiff's claim, testified that plaintiff's wife had told him that she had paid the first premium and accepted the policy while her husband was in the hospital. Plaintiff went there on April 24, 1933. Defendant was also allowed to introduce certain account cards in the custody of its cashier at Providence, in this state, Beatrice P. Gertz, which showed that the payment of the first premium was *reported* by the local office to the home office in Newark, New Jersey, on May 1, 1933. There was, however, no definite record presented in proof of either delivery of the policy or actual collection of the premium from the plaintiff on April 24, 1933.

Miss Gertz testified as to the practice in the local office concerning the collection of policy premiums. She testified that the local agent, who collects the premiums, reports on a form identified as Form 9347. She also testified that such original Form 9347, showing the collection of the first premium on the plaintiff's policy, had been destroyed. She further testified that a daily report of such collections was made by the local office to the home office on a form identified as Form 42-A. This form was filled out from the data in the local agent's report on Form 9437. Such form was also destroyed. One of defendant's witnesses from the home office testified that it was the regular office practice to destroy such forms after the lapse of three years.

Another witness, Francis B. Foley, an employee at the home office, testified that he had examined Form 42-A, which contained the data pertaining to the receipt at the local office of the first premium on plaintiff's policy and that he recalled that it indicated the premium was received on April 27, 1933. The local agent was not called as a witness. There was,

therefore, no direct evidence as to when he actually received the first premium from the plaintiff.

In rebuttal plaintiff's wife denied that she told Mr. Curto that she had paid the first premium while her husband was at the hospital, and in cross-examination she also testified that she did not remember telling him this. All of the defendant's evidence above mentioned, as to when the first premium was actually paid to its agent who delivered the policy to the plaintiff, was entirely inferential and not of the strongest character in that respect, not only because the original records were not available, but also because the witness who testified to their contents could only testify to what they indicated as to the date of the receipt of the first premium at the local office and not the date it was actually collected from the plaintiff by the local agent.

On the view which we take of the law applicable to this case it will not be necessary for us to consider the evidence or pass upon its weight and, therefore, we shall consider here only the plaintiff's exception to the denial of his motion for a directed verdict. We are clearly of the opinion that plaintiff was entitled to the direction of a verdict, because the acknowledgment of the receipt of the premium in the policy was conclusive proof of that fact as therein stated, where it also appeared that the policy was delivered to the plaintiff unconditionally and without fraud or misrepresentation on his part. The trial justice erroneously conceived the law to be that the acknowledgment in the policy of receipt of the first premium was merely *prima facie* proof of such fact, as stated in the policy, and that the defendant could introduce parol evidence to rebut such acknowledgment.

While it is true that a receipt is merely *prima facie* evidence of payment and may be explained by parol, such is not the law where the issue is not only whether the payment was actually made but also whether rights springing out of the contract actually exist, as in the case of a contract formally set out in an insurance policy. In such a case the law is that, where a policy has been unconditionally delivered to the in-

sured, without fraud or misrepresentation on his part, and the receipt of the first premium is expressly acknowledged in the policy, such acknowledgment is conclusive and binding on the insurer as far as the insured's rights under the policy are concerned. *Eaton* v. *New York Life Ins. Co.,* 315 Pa. 68; *Woloshin* v. *Guardian Life Ins. Co.,* 146 Pa. Super. 152, 22 A. 2d 54; *Johnson* v. *Prudential Life Ins. Co.,* 120 Ore. 353; *Williamson* v. *Insurance Co.,* 212 N. C. 377; *Mutual Life Ins. Co.* v. *Vaughan,* 125 Miss. 369; *Thomas* v. *Charles Baker & Co.,* 60 F. (2d) 1057. 1 Couch on Insurance, §115.

Defendant, as we understand its position, contends that this principle is not applicable here, because it is not seeking to avoid the policy but merely to show that the plaintiff is not entitled to disability benefits thereunder on account of his failure to pay the first premium in time to qualify for such benefits in accordance with the express provisions of the policy, that is, before he became permanently and totally disabled. As to its liability for such benefits, defendant also contends that delivery of the policy was of no consequence and that it was incumbent upon the plaintiff to prove that he actually paid the first premium before he became disabled.

Plaintiff, who is mentally incompetent, relies upon the policy to show the payment of the premium and upon the presumption of law that the acknowledgment of payment therein is conclusive as far as his right to disability benefits thereunder is concerned. He is asserting a right springing out of the contract of insurance which the defendant seeks to defeat. It is not merely a question of coverage. Here defendant admitted plaintiff's disability, but claimed the right to show that the premium was not paid in time, and cited cases to support its position; but in those cases it was not the time of payment of the first premium which was in question but the time when the insured became disabled. That is definitely not the question here, and therefore the principle of those cases is not applicable to the issue in this case.

The principle which we hold to be applicable in the instant case is well stated at page 81 of the opinion in *Eaton* v. *New York Life Ins. Co., supra,* as follows: "If the jury finds as a fact that this policy was delivered to the insured not conditionally but absolutely, the policy becomes conclusive proof of the payment of the first premium, for it so states and thus becomes a complete refutation of the averment (in the affidavit of defense) of the premium's nonpayment." Applying this language to our case, where absolute delivery is not questioned, as in the *Eaton* case, and no fraud or misrepresentation on the part of the plaintiff is charged, it is apparent that there is no question for the jury here.

In the *Eaton* case the insurer raised a question of the delivery of the policy and the court held that in such circumstances parol evidence was admissible to explain the fact of the policy being in the possession of the insured, although a minority dissented, holding to the view that it was against public policy to admit parol evidence for such purpose. It is clear from both the majority and minority opinions in that case, however, that they were in agreement on the law as it is stated in the above-quoted language from the majority opinion.

In the instant case the defendant's contention is that the question at issue is merely one of coverage and that, if it was decided in favor of the defendant, the policy would still be in full force and effect. We cannot agree. Its contention cuts much deeper than that and, if sustained, would make at least a part of such policy, namely, the disability insurance, void. It is no answer to say, as defendant does, that the life insurance policy would not be forfeited. True, it would not be, but certainly the disability insurance would be gone. For the defendant, after admitting that the plaintiff is permanently and totally disabled and that the policy was unconditionally delivered to him, without fraud or misrepresentation on his part, to claim that plaintiff is not entitled to disability benefits, because the first premium was not paid in time, is essentially to claim that plaintiff has no disability

insurance and never had any. In other words, such a claim goes to the very heart of that part of the contract of insurance and avoids it. The effect would be that plaintiff, after being found permanently and totally disabled, would be deprived of anything of value under that part of the policy, notwithstanding that he continued to pay the full premium to cover the cost of such insurance, which the insurer continued to exact and accept, even after it had satisfied itself that he was so disabled.

In offering parol evidence to explain or contradict the acknowledgment in the policy of the receipt of the first premium, we think it is clear that the defendant was attacking a right of the plaintiff springing out of the contract thereunder and seeking to avoid liability on the policy. Under the authorities which we have cited above, defendant, having admitted unconditional delivery of the policy, without fraud or misrepresentation on the part of the insured, was not at liberty thus to rebut its express acknowledgment, as set forth in the policy, that at the time of its delivery, the first premium had been paid. And the testimony of plaintiff's wife as to the actual date of such payment did not operate to waive this rule for defendant's benefit. Therefore, notwithstanding testimony contrary to or inconsistent with the policy, the law required the trial justice to direct the jury to return a verdict for the plaintiff.

All of the defendant's exceptions are overruled, and the plaintiff's exceptions to the denial of his motion for a directed verdict is sustained. The case is remitted to the superior court for the entry of judgment on the verdict.

### On Motion for Reargument
#### JULY 2, 1945.

PER CURIAM. After our opinion was filed in the above-entitled case defendant requested and received our permission to file a motion for reargument.

In its motion the following grounds in support of it are set out substantially as follows: that the court has appar-

ently overlooked certain language in the application for the policy which had an important bearing on the main question in the case; that, because of defendant's probable lack of clarity in the manner in which it argued the point, perhaps the court did not fully grasp the import of the contention in the matter of delivery of the policy and payment of the full first premium and as a result was led into an erroneous interpretation of the policy; and, finally, that we misconceived the law governing the effect of an acknowledgment in the policy of receipt of the said premium, where delivery of the policy to the insured was not questioned. Some point is also made of the fact that while defendant admitted delivery of the policy it did not admit that it was delivered before plaintiff's disability.

After a careful review of the record, the briefs and our opinion, we think that a detailed discussion of the above grounds, except that pertaining to the effect of the language of the application, is unnecessary. Those grounds were adequately covered in the opinion. We pointed out therein why, since the delivery of the policy was admitted, the company's solemn acknowledgment in the policy of the receipt of the premium was conclusive proof of the plaintiff's case. When the policy was thus unconditionally admitted in evidence, it constituted conclusive proof that the entire contract of insurance set out in the policy was in effect as of its date. Whether the premium was, at that date, actually paid or not, could not be shown to affect that contract, although in an action for the premium the case would be different. In such a case the receipt in the policy would be merely *prima facie* proof of payment of the premium, and not conclusive proof as in an action to avoid the contract, or a part of it, as is the case here. By the policy defendant solemnly says that, on a certain date, it received payment of the premium and issued the policy. That the policy was then in force the law will not permit the defendant to deny, where it has unconditionally delivered the policy to the insured.

94

The specific language of the application to which defendant has called our attention in its motion is as follows: " . . . I further agree that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained and that UNLESS the full first premium is paid by me at the time of making this application, the policy shall not take effect until issued by the Company and *received by me* and the full first premium thereon is paid . . .". (italics supplied by defendant) We must read this language together with the language of the policy and in connection with the admission of defendant that the policy was unconditionally delivered. With this in mind it is clear that the application is not important in the decision of this case. By that language in the application the company intended to protect itself against any claim which might be made before the policy was delivered. After unconditional delivery of the policy containing an acknowledgment of the receipt of the first premium, that precautionary language had, by its very terms, served its purpose and was no longer of any value. We think, therefore, that the lack of reference in the court's opinion to this language of the application was inconsequential and, therefore, not at all a ground for reargument.

It seems to us upon review that, on all essential points, the case was fully and ably argued originally by counsel for defendant, and we are of the opinion that further argument would serve no useful purpose.

Motion denied.