Roush, Admr., *v.* Metropolitan Life Insurance Company, Appellant.

Argued October 26, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Arthur G. Dickson,* and with him *Leroy A. Lincoln,* for appellant.

*Herman P. Abramson,* for appellee.

OPINION BY CUNNINGHAM, J., February 1, 1935:

The action below was assumpsit by Abraham Roush, as administrator of the estate of Sarah Roush, upon an industrial policy of life insurance issued by the defendant company upon the life of his intestate in the amount of $210. It was dated November 16, 1931, and the death of the insured occurred at the Philadelphia General Hospital on September 4, 1932, from gastric carcinoma.

The verdict was in favor of the plaintiff in the sum of $230.20 and the present appeal is by the defendant from the judgment entered thereon. Errors assigned are the refusal of appellant's written point for binding instructions; the submission of the case to the jury; and the denial of appellant's motion that judgment be entered, upon the whole record, for the plaintiff in an amount not exceeding $21—the aggregate of premiums received by it.

The applicable portion of the provision of the policy upon which the defense against liability for any amount in excess of the premiums was based, reads: "If, ...... (2) ...... the insured has, ...... within two years before the date hereof, been attended by a physician for any serious disease or complaint, ...... then, ...... the liability of the company, ...... in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy. ......"

At the trial the case narrowed down to a single issue of fact, namely, whether the insured had, "within two years before" November 16, 1931, "been attended by a physician for any serious disease." There was uncontradicted documentary evidence (constituting parts of the proofs of death of the insured furnished appellant by plaintiff), that she had been attended and treated by Dr. B. Rachlis at the Hospital of the Women's Medical College of Pennsylvania from October 28 to December 5, 1930, for pernicious anemia, cystitis and postero-lateral sclerosis.

The only question submitted to the jury by the learned trial judge was whether any of the diseases for which the insured was treated in 1930 was a "serious disease or complaint," within the meaning of the policy. In this connection he charged: "You bring with you for the determination of questions that I submit to you the knowledge that you have acquired by your experience in life. It doesn't necessarily require a physician or an expert to tell you what is a serious complaint or malady or disease. That fact is for you to determine under the evidence that is here. You had the name of the disease for which this woman was treated and, if you find that that was a disease requiring the attention of a physician, equivalent to any serious disease or complaint, you should find your verdict for the defendant but I leave that question to you, except that under the terms of the policy, the plaintiff, in that event, would be entitled to have returned to him the premiums."

Appellant excepted specifically to the submission of this question to the jury and assigns as error the above quoted portion of the charge.

There was also uncontradicted evidence in the certificate of Dr. M. Steinbach, submitted as a part of the proofs of death, that the insured was also a patient in the Jewish Hospital in June and July, 1932, suffering

from pernicious anemia and postero-lateral sclerosis —indicating that her condition had not improved. In addition to the proofs of death being admissions against interest, it is stipulated in the policy that their contents "shall be evidence of the facts therein stated in behalf of, but not against, the company."

Granting that the term "postero-lateral sclerosis" is a medical one and not in general use, we think it was error on the part of the trial judge, under applicable authorities, to submit to the jury the question whether "pernicious anemia" is a serious disease. In Brown et al. v. Piper, 91 U. S. 37, (Thayer Cases on Evidence, 17) it is stated that there are many things of which judicial cognizance may be taken; that "courts will take notice of whatever is generally known within the limits of their jurisdiction"; and that this principle extends to such matters of science as are involved in the cases brought before them. See also Thayer on Evidence, pp. 301-312.

In Jacobson v. Massachusetts, 197 U. S. 11, 23-24, it was stated that what vaccination consists of is a fact of common knowledge and proof of it unnecessary and immaterial, as for nearly a century most of the members of the medical profession have regarded it as a preventive of smallpox. Again, in Schollenberger v. Pennsylvania, 171 U. S. 1, 7-10, it was held, in the majority opinion, that the question whether oleomargarine is an article of commerce was to be determined "with reference to those facts which are so well and universally known that courts will take notice of them without particular proof being adduced in regard to them, and also by reference to those dealings of the commercial world which are of like notoriety." Later, it is said with respect to inquiries as to its properties, that the answers are to be found in the various encyclopaedias of the day, etc., and the court added, "in brief, every intelligent man knows its general nature,

and that it is prepared as an article of food, and is dealt in as such to a large extent throughout this country and in Europe.''

It is equally true that it is a matter of common knowledge that, until the recent discovery of the efficacy of treatment with liver extract, approximately ninety per cent of patients stricken with pernicious anemia died from its effects. The Nobel prize for medicine for 1934 was awarded to the physicians who made the outstanding discovery of a treatment which has practically reversed the percentages.

At the close of the testimony in this case, it clearly appeared, by unquestioned documentary evidence, that within two years prior to the date of the policy the insured had been attended in a hospital by a physician for pernicious anemia. Under such proofs, we think it was the duty of the trial judge to take judicial knowledge of the fact that pernicious anemia is a "serious disease." The situation here brought the case within the line of cases of which Gimbel v. Aetna Life Ins. Co., 95 Pa. Superior Ct. 1; Panopoulos v. Metrop. L. Ins. Co., 96 Pa. Superior Ct. 325; and Russ, to use v. Metrop. L. Ins. Co., 98 Pa. Superior Ct. 353, are examples, and excluded it from the operation of the rule stated in Brelish, Adm., v. Prudential Ins. Co., 109 Pa. Superior Ct. 1, 165 A. 516, and Dzsujko v. Eureka-Maryland Assurance Corp., ibid., 9, 165 A. 518. Appellant's point, requesting in effect that the jury be instructed to render a verdict in favor of the plaintiff for the amount of premiums paid, should have been affirmed, or, the court below, in disposing of appellant's subsequent motion, should have entered judgment in favor of the plaintiff for that amount alone.

Counsel for appellee complains in his brief that the trial judge improperly excluded his offer, in rebuttal, of a letter from appellant, which he asserts amounted to some kind of a waiver of the defense of attendance

by a physician for a serious disease, as it was stated therein that the claim was rejected because the insured was in "unsound health." It seems that the letter also contained the sentence, "this letter is without prejudice to any of our rights." No offer was made disclosing the contents of the letter or the purpose for which it was offered; it is not suggested that it was anything more than a letter giving one ground for rejecting the claim and reserving the right to set up additional grounds, or that it rebutted in any way the evidence introduced and relied upon by appellant. We think it was properly excluded at that stage of the case.

The judgment on the verdict is reversed and the record is remitted with instructions to enter judgment in favor of the appellee and against appellant for $21, with interest from September 4, 1932.