UNION LIFE INSURANCE COMPANY OF OMAHA v. MAGGIE D. PARKER.

FILED NOVEMBER 19, 1902.    No. 12,301.

Commissioner's opinion, Department No. 1.

1. **Insurance Policy:** DELIVERY: PAYMENT: PRIMA-FACIE EVIDENCE. Delivery of an insurance policy to the insured by the insurer is prima-facie evidence of the payment of the cash consideration recited in the instrument.

2. **Facts:** DECISION. Where insured gives his note, due in ninety days from the policy's delivery, payable to the order of the insurer's agent for a part of the first premium, and the agent's employment contract entitled him to 100 per cent. of the first premium as his commission, and he was charged with the amount of such premium, and sold the note, and insured died after its maturity without having paid it, and afterwards the insurer bought it from the agent's indorsee, and denied liability on the policy because it contained a stipulation for its suspension during default on any note given for premiums, a finding by the trial court against such contention of the insurer should be sustained.

ERROR from the district court for Douglas county. Action upon life insurance policy. Tried on agreed statement of facts before SLABAUGH, J. Judgment for plaintiff. Defedant brings error. *Affirmed.*

*Wiltsey W. Morsman,* for plaintiff in error:

A party relying for recovery on a waiver of a condition precedent in a life insurance policy, must plead and prove such waiver. *Livesey v. Omaha Hotel Co.,* 5 Nebr., 50; *Quick v. Sachsse,* 31 Nebr., 312; *Phenix Ins. Co. Bachelder,* 32 Nebr., 490; *Anders v. Life Insurance Clearing Co.,* 62 Nebr., 585.

*O'Neill & Gilbert, contra.*

HASTINGS, C.

This is a suit on a policy of life insurance, heard by the district court upon an agreed statement of facts. From the judgment for plaintiff, the defendant company brings error, and relies upon two grounds of defense: (1) That it does not appear from the evidence that the first premium was ever paid, and among the provisions of the policy is one that it shall not take effect until the first premium shall have been paid during the life and good health of the insured; (2) it is claimed, perhaps with a little inconsistency, that a note was given for a part of the first premium and that when the insured died, the note was past due and unpaid, and the policy contained a stipulation that any note given for premiums should be made a part of the contract, and a failure to pay it or any interest when due, should suspend the policy and it should continue suspended during the default without action on the company's part, or notice to the insured or beneficiary.

So far as the first defense is concerned, it is contended by the defendant in error that it is not pleaded. The petition contained a general allegation under section 128 of the Code of Civil Procedure, that plaintiff and the assured had complied with all the conditions required by them to

be performed. The answer to this is as follows: "The defendant denies that Charles E. Parker, the assured, and Maggie D. Parker, the plaintiff, have duly performed all of the conditions of said policy of insurance upon their part to be performed." It is claimed that this traverse in *ipsis verbis* is not a denial of the fact alleged, but merely applies to the form of the allegation and not to its substance, and hence is not a denial of the latter. *Knight v. Denman,* 64 Nebr., 814. Probably this contention is sound and the denial should not be allowed to pass; but it was treated as a denial in the lower court and its sufficiency can hardly be objected to for the first time in this one. We think, however, that counsel for the defendant company is in error when he says that there is no evidence of compliance with this condition. The delivery of the policy and its possession by the insured in his lifetime, and by the beneficiary after his death, must be taken as prima-facie evidence of payment of the cash consideration which is recited in the policy.

The second objection to plaintiff's right of recovery has caused more trouble. It is among the agreed facts in the record that E. V. M. Powell was defendant's manager at its St. Louis office, under a contract of agency which is set forth, and through a subagent he took the application for the policy sued on; that defendant sent to Powell this policy with a receipt for the first premium for delivery to the insured under the terms of the policy and application (the receipt to be valid only when countersigned by Powell); that Powell delivered the policy to the insured, and took the latter's promissory note for $100.93 as part payment of the first premium. The note bore interest at 8 per cent. per annum and was for 90 days from July 18, 1899. No part of it was ever paid. It was payable to the order of E. V. M. Powell. In June, 1899, defendant obtained it by purchase from a third party to whom Powell had sold it. Powell, in September, 1898, reported to defendant that the premium was paid and the policy delivered; and defendant knew nothing to the contrary until

February 14, 1899. On or about that time some person,—to defendant unknown,—pretending to represent insured, tendered at defendant's office in Omaha $170.40 in payment of first premium on the policy. This was refused. January 11, 1899, insured wrote Powell from Little Rock, Arkansas, stating that he was in hard luck, had broken his leg, was in hospital and not in position to pay the note, and asking a six-months' extension. The receipt for the first premium was retained by Powell until February, 1899, and then by him returned to defendant. Under Powell's contract with defendant he was entitled to retain 100 per cent. of the first premium. By the course of business with Powell, it was defendant's practice, on sending a policy and receipt for first premium, to charge Powell's account with the amount of the first premium. When the policy was reported delivered, Powell was credited with the amount of his commission and a remittance made for any still due. If the policy was refused and returned with the receipt, Powell got credit for the amount charged to him on account of the first premium. Powell's account with the company from June 23, 1898, to the commencement of the action, showed a balance due the company of $78; giving him credit for the amounts due him as commission on first premiums, and charging him with $3 for each application, as defendant was entitled to do under the contract. The $3 was by his contract due from Powell with each application, whether it was finally accepted or rejected. There had been no settlement since this policy was issued. The policy contained the following provisions: "Any and all notes which may be given for premiums or loans upon this policy are hereby made a part of this contract of insurance, and the failure to pay said notes or any interest payments due thereon at the time, or before, they shall fall due, shall cause this policy to become suspended, and continue suspended during default in such payments, without action on the part of the company, or notice to the insured or beneficiary hereunder. No agent has power to make contracts of insurance in behalf of the

company or to modify this or any other contract, to extend the time for paying any premium, to waive any forfeiture, or to bind the company by making any promise whatever."

The real question presented by this case is whether or not, under these circumstances, the company can avail itself of the default in the payment of the insured's note to Powell for $100.93, to avoid its liability under this policy. It will be observed that under Powell's contract with defendant he was entitled to receive 100 per cent. of this premium. It will be observed that he had reported the premium paid and the policy delivered. It will be observed that the note was drawn to his order and had been sold by him. It was obtained by the defendant by purchase from a third party in June, 1899, and the insured died February 16, 1899, in Ottumwa, Iowa. Plaintiff in error relies upon the various cases decided by this court upholding and sustaining contract provisions between insurance companies and insured that policies shall be avoided by defaults upon notes given for premiums, or suspended during the continuance of such defaults. We are of the opinion that under the issues and agreed facts in this case, this note was not of that character. The district court was undoubtedly warranted in finding that this note was accepted and received by the agent, Powell, as his own note, under his agreement for a commission of 100 per cent. of the first premium. His sale of the note would alone be sufficient to warrant the trial court in such a holding. It seems clear that while such note was in the hands of a third party, there would be no right on the part of either Powell or the defendant to avoid or suspend this policy for its non-payment. As above indicated, it is clear that the note was purchased after the insured's death from a third party to whom Powell had sold it. In the case of *Pythian Life Ass'n v. Preston*, 47 Nebr., 374, 390, it is held that where a similar note for a part of the first premium was given to an agent, who by his contract with his company was entitled to retain that premium as his commission, the whole transaction was between the agent and

the insured, and the premium being reported paid, the company could not avoid the policy for non-payment of the first premium. In that case, it is true, the note was paid to the agent before the death of the insured, but after it became due. The ground, however, of the decision, is that a payment was made to the agent in the manner satisfactory to him, and the company, having no interest in it, could not object to the method. · It was a mere personal indebtedness on the part of the insured to the agent, which was settled by the insured's note.

Under the agreed statement of facts the trial court in this case seems to us to have been entirely warranted in holding that this note was a personal transaction between Powell and the insured, that it was not one of the notes for premiums covered by the agreement in the policy, and that the defendant could no more avoid the policy by buying this note, after the insured's death, than it could by the buying of any other. As counsel suggests, the agreement in the policy can not be held to have been meant to protect Powell's indorsee, who held the note at the time of insured's death.

It is recommended that the judgment of the district court be affirmed.

KIRKPATRICK, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.