## Brandis *v.* Empire State Life Assurance Society, Appellant.

Argued April 24, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas B. Hall,* for appellant.

*Arthur S. Arnold,* with him *Harry Norman Ball,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 30, 1934:

Appellee is a son of Gussie Brandis, deceased, who owned a $5,000 life insurance policy issued by appellant. The policy was dated May 1, 1929, and the insured died on March 12, 1932. Appellant unsuccessfully denied liability because of the nonpayment of a quarterly premium due February 1, 1931.

Appellant urges there was no proof of payment of the first premium. A policy of life insurance, complete in all its terms and duly executed, containing a formal acknowledgment of the payment of the first premium, and in the beneficiary's possession after the death of the insured, makes out a prima facie case, and the burden is on the insurer affirmatively to prove the defense of nonpayment: Eaton v. New York Life Ins. Co. of New York, 315 Pa. 68. See Rasch v. Bankers Life Co., 201 S. W. 919 [Mo.]; Lyons v. Knights of Pythias, 172 N. C. 408. The cases cited by appellant to the effect that a policy does not become a binding contract until the first premium is paid, do not bear upon this question. As a matter of substantive law this may be true, but it does not determine upon whom the burden falls of proving payment or nonpayment, or in what manner this shall be done. This policy contained a plain, unambiguous and certain acknowledgment of the payment of the premium, certified over the signature of appellant's president and secretary. No claim is made, nor is any evidence introduced that because of fraud, accident or mistake the first premium had not been paid. Its payment is simply denied. Furthermore, in addition to the policy itself, the circumstances indicate that the first premium was actually paid, for the company, by its own admission, accepted payment of premiums falling due after the policy was issued. Where, as here, an insured or his beneficiary produces written evidence, duly authenticated, of

the payment of a premium for a given year, the only inference is that all prior premiums have been paid.

Appellant further contends that the quarterly installment of the premium due on February 1, 1931, was not paid, and that therefore the policy lapsed prior to the death of the insured. The testimony to show payment or nonpayment was for the jury. Appellant's books were not produced, and a clerk said she had not received this payment. The secretary of the company testified that the records of the payments of the premiums on this policy had been delivered to counsel in New York; they were not produced at the trial. On the other hand, letters written by the beneficiary were put in evidence to show amounts paid by checks; appellee testified he knew of those payments and that his mother made the other payments. The testimony was oral and conflicting; it was, therefore, for the jury.

As to the assignment relating to a new trial, it is settled that the action of the trial court in granting or refusing a new trial will not be reversed unless palpable abuse of discretion appears, and it will be presumed that this discretion has been rightfully exercised unless the contrary is plainly shown: Rose v. Adelphia Hotel, 300 Pa. 1; Klein v. F. W. Woolworth Co., 309 Pa. 320. No such abuse is here shown.

Judgment affirmed.