Opinion by
 

 Hirt, J.,
 

 Nathan Woloshin, a resident of Harrisburg, negotiated a policy of life insurance by correspondence with defendant’s authorized agent in Newark, N. J., with whom he had dealt on a former occasion in 1929. The policy in dispute was executed by the company on January .16, 1939 and /was .then delivered by the agent to Woloshin by mail. It, was in the ,wife-beneficiary’s possession about one month later, when he .died. On the company’s refusal to pay, .this action was brought
 
 *154
 
 by .her. The trial resulted in a disagreement ,and the jury was discharged; thereafter, the court entered judgment for defendant ion the whole record. There is no suggestion of fraud in ,the procuring of the insurance and the issue involved in this appeal is whether possession of the policy by the beneficiary at .the time .of death ¿raises a presumption ,of a legally effective delivery ¡and of the payment of the ¡first premium, sufficient fo fake the case to the jury. Conceding that the burden of proving payment of the initial premium was upon her (33 C. J., Ins., §830; 29 Am. Jur., Ins., §1436) plaintiff rested her case upon the fact of her possession of the policy.
 

 Woloshin in his written application for the insurance agreed that “there shall be no contract of insurance until a policy shall have been issued by the company and delivered by a duly authorized agent of the company
 
 and the first premium paid thereon
 
 all during my lifetime.” The policy recites: “The ...... agreement is made in consideration of
 
 the payment of the first premium......on delivery hereof”
 
 and of future premiums as they become due during the lifetime of insured; and further, that
 
 “upon payment of the first premium
 
 this policy takes effect” as of its date, January 16, 1939. (Italics supplied.) It was also specifically provided that “agents have no authority to extend the time for payment of a premium.”
 

 The evidence does not support the contention of defendant that the policy was delivered to Woloshin for inspection merely and that the delivery, therefore, was not absolute. The agent mailed the policy to him with a bill for the premium. No interim receipt was taken pending payment. Delivery of the policy was made on the credit of the assured and resulted in a contract between the parties conditioned only by its terms. But assuming that the question of conditional delivery were in issue, that question, clearly, was for the jury. “The beneficiary’s lawful possession of a life insurance policy
 
 *155
 
 after the death of the insured, and especially when, as here, there is no allegation of fraud, accident, artifice, or mistake, to impeach this possession, prima facie sustains the burden of proof resting on the plaintiff, by raising a strong presumption that the policy was not only manually delivered but was also
 
 legally
 
 delivered to the insured, and puts the defendant in a position where, to avoid an adverse verdict, it must offer evidence of the conditional delivery alleged, sufficiently convincing to countervail the strong presumption of legal delivery arising from the lawful possession of the policy by the beneficiary. In
 
 Cambria Iron Co. v. Tomb et al.,
 
 48 Pa. 387, 391, this court said in an opinion by Mr. Justice Agnew: 'Legal presumptions are founded upon experience and common observation. When a connection is found to exist between things, so that, when one occurs the other is known always or generally to follow, this connection becomes the foundation of a legal presumption of the existence of the latter from proof of the former. These presumptions are conclusive when the connection appears to be constant or universal, and prima facie when the connection is general, but not so universal as to establish a conclusive certainty: 1 Greenleaf’s Evidence, sections 14-33’ ”:
 
 Eaton v. N. Y. Life Ins. Co. of N. Y.,
 
 315 Pa. 68, 172 A. 121.
 

 That case is also authority for the rule that where a policy, unconditionally delivered, contains an acknowledgment of receipt of the first premium, the presumption that payment was made is one of law and is conclusive. Without a specific acknowledgment of the initial premium, as in this case, the beneficiary’s possession of the policy makes out a ease, prima facie, though it raises no more than a rebuttable presumption of fact that the consideration was paid. In
 
 Jones v. New York Life Ins. Co.,
 
 168 Mass. 245, 47 N. E. 92, it is said: “Such a document is not, ordinarily, found in the custody of the assured unless it belongs to him as a con
 
 *156
 
 tract that may be enforced according to its terms. Possession by the assured is evidence that everything has been done that need be done to give it validity.” “Possession of the policy after the death of the insured ordinarily raises the presumption that it has been delivered and paid for, or that credit has been extended. Likewise, delivery of a life policy to the insured, together with its possession after his death by the beneficiary, are prima facie evidence that its recital of a cash payment is correct.” 1 Couch on Ins., §124. There are other authorities to the same effect cited with approval in the Eaton case, supra. In this case, therefore, the issue became one of fact for the jury and the presumption was materially fortified by the recital in the policy of “the payment of the first premium of Twenty-One and 69/100 Dollars
 
 on delivery hereof N
 
 (Italics supplied.)
 

 We think the entry of judgment for defendant was error. There was no direct proof ,of payment of the first premium and defendant’s testimony, consisting in office records of the Newark agency and of the company in New York, failed to disclose an entry of a receipt of the premium. The agent who sold and delivered the policy testified that the premium was not paid to him. These records and the testimony of the agent stand unimpeached. But the fact that defendant’s testimony was uncontradicted is not controlling. It is well established that where a plaintiff’s case rests upon a presumption of fact, e. g., of agency arising from the fact of dealer’s plates on a motor vehicle, the case is for the jury although defendant’s parol evidence rebutting the presumption is uncontradicted.
 
 Conley et al. v. Mervis,
 
 324 Pa. 577, 188 A. 350. Similarly, where a presumption of the receipt of a letter arises from proof of its posting, the issue is for the jury though receipt is denied.
 
 Neubert v. Armstrong Water Co.,
 
 211 Pa. 582, 61 A. 123.
 

 
 *157
 
 Defendant’s bookkeeping records were competent evidence but this testimony was negative in character and in probative value was not conclusive that the premium was not in fact paid. There were persons other than the agent in the Newark office who were authorized to receive premiums. As was said in
 
 Eaton v. N. Y. Life Ins. Co. of N. Y.,
 
 p. 88, supra: “There were other channels through which the money could have passed. Certainly the testimony of the agents would not be competent to disprove the fact of payment of money into the hands of the secretary and the president. The only thing that they could say was that the decedent did not pay them......” So also, payment may have been made direct to the company in New York and, through error or other cause, credit may not have been entered on the company’s records. It is only where the rebuttal consists of conclusive uncontradicted documentary evidence that the presumption may be said to be destroyed as a matter of law.
 
 Evans v. Penn Mutual L., Ins. Co.,
 
 322 Pa. 547, 186 A. 133;
 
 Roush v. Metro. Life Ins. Co.,
 
 116 Pa. Superior Ct. 162, 176 A. 809;
 
 Hartig v. American Ice Co.,
 
 290 Pa. 21, 137 A. 867. In circumstances somewhat similar to those in the instant case it was held in
 
 Foster v. Metropolitan Life Ins. Co.,
 
 233 S. W. 499, (Mo.), that a card upon which the insurer
 

 keeps a record of policies is not such a writing or record as standing alone, can destroy a prima facie case and support a directed verdict for the insurer. See also
 
 Girvin v. Metropolitan Life Ins. Co.,
 
 75 S. W. 2d 596, (Mo.), which is equally .strong. In many other jurisdictions, with some authorities to the contrary, the rule is the same.
 
 Gardner v. United Surety Co.,
 
 110 Minn. 291, 125 N. W. 264;
 
 Beggs v. Metropolitan Life Ins. Co.,
 
 219 Iowa 24, 257 N. W. 445;
 
 Jones v. N. Y. Life Ins. Co.,
 
 supra;
 
 Bankers’ Reserve Life Co. v. Sommers,
 
 242 S. W. 258, (Tex.); 8 Couch on Ins., §2223.
 

 Judgment reversed with a venire.