Shook *v.* New York·Life Insurance Company, Appellant.

Argued October 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, PATTERSON and PARKER, JJ.

*William H. Eckert,* with him *Smith, Buchanan & Ingersoll,* for appellant.

*Sebastian C. Pugliese,* of *Margiotti & Pugliese,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, November 24, 1941:

Plaintiff sues to recover $3,000, claimed to be due to her by defendant, on a life insurance policy covering her fifteen year old son. Recovery was had in the court below. From the refusal to enter judgment in its favor the insurance company appeals.

In June, 1935, plaintiff and her husband decided to take out a policy on each of their lives and also one on their fifteen year old son. The son's application, signed by him, and dated June 1, 1935, stipulates: "It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime." The premium was $43.67. It was also provided that only certain named executive officers of the company "can make, modify or discharge contracts or waive any of the company's rights or requirements." About the middle of that month the soliciting agent came to plaintiff's home and handed her the policy on her son, which is dated June 10, 1935, and said to her, as she testified, "This policy is in full benefit." According to the testimony of the husband and wife, the husband then asked the agent how much he owed him, the agent answered, "Wait until I have the other two policies and then we will settle it all at once." Plaintiff said she intended to pay the premium by check but did not do so because of what the agent said. The conversation was denied by the agent, who testified that she and her husband stated they had been expecting some money and did not think they were going to get it and would have to talk the matter over and see whether they could accept the policy or not. The agent said he left the policy for inspection, intending to pick it up the next day, but did not do so, and subsequently, when he called to get it, plaintiff was not at home. The agent admitted that he had violated a rule of the company which required him to take an inspection

receipt from plaintiff when he gave her the policy without receiving the premium.

The policy remained in plaintiff's possession until the boy was accidently killed on August 5, 1935. On that day it was given to the agent by plaintiff under circumstances which are in dispute and he returned it to the company, which destroyed it. He testified that when she handed him the policy she said, "it was too bad they had not gone through with the insurance, and managed some way to pay for it and take it." This she denied. Suit on the policy was not brought until three years later. The plaintiff was declined by the company as a risk. No policy was issued to the husband. After the son's death, the father tendered to the company the amount of the premium, which was refused.

The policy contained a clause which reads: "This contract is made in consideration of the application therefor and of the payment in advance of the sum of $43.67, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy for the period terminating on the Tenth day of June nineteen hundred and thirty six . . .". Notwithstanding this receipt for the premium, plaintiff cannot recover if she admits it was never paid. To permit the plaintiff to recover under such circumstances would violate the prohibition against discrimination among policy holders provided by the Act of May 17, 1921, P. L. 789, sections 635, 636, 40 PS sections 275, 275: *Katchmer v. Prudential Ins. Co.*, 325 Pa. 69, 188 A. 869; *Harrisburg Trust Co. v. Mutual Life Ins. Co.*, 278 Pa. 255, 122 A. 292; *Landy v. Phila. Life Ins. Co.*, 78 Pa. Superior Ct. 47, (LINN, J.). She is the beneficiary of the policy. She categorically admitted on the trial that she had never paid the premium. The husband makes no claim that he paid it. He tacitly admits that he did not by tendering the amount of it after the boy's death. Faced with this situation, plaintiff assumes the position that the premium may be presumed to have been paid by the insured,

her fifteen year old son, who was a school boy. In this connection, it is argued in her behalf in the brief, "Whether or not one might think it reasonable or likely or probable that a fifteen-year-old insured had paid the premium on the policy, there is no affirmative evidence— there is no evidence whatsoever—that he did not. The person to whom the policy was issued was the minor, Charles. Although the mother stated that *she* did not pay the premium when the policy was delivered, and although there is also an inference that the father, George Shook, did not pay the premium, nevertheless, the defendant did not produce one bit of evidence to show that the insured had not, or was unable to pay the first premium, or that he had not delivered the same to the agent Mercer or to the company itself." It certainly would be a violent assumption to presume that a fifteen-year-old school boy would have $43.67 to pay an insurance premium. It is not even hinted by the mother or father in their testimony that he had done so or could have done so. If such had been within the possibilities, one or the other of them would have advanced the idea. It taxes credulity beyond the limits of sensible conclusion based on human experience to suppose that the boy had any such sum and appropriated it to the payment of the premium. This contention is advanced in order to bring the case within the ruling in *Eaton v. New York Life Ins. Co.,* 315 Pa. 68, 172 A. 121, but the cases are not parallel. In that case, there was no admission that the premium had not been paid by the person who procured the policy. Under their own testimony, plaintiff and her husband agreed to the postponing of the time of payment of the premium until the other two policies were delivered. As they never were delivered, the time for payment of the premium did not arise. Plaintiff held the policy with the understanding that the premium had not been paid.

Judgment is reversed and is here entered for defendant.