A. P. Orleans; Marvin Orleans; Bernard Flitter; Philip F. Newman; Bernard Flitter and Leonard Caplan, Executors of the Estate of Morris Caplan; and Sylvia S. Toll, *v.* The Melrose Park Improvement Association, Appellant.

186

Argued February 3, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Herbert D. Rossman,* for appellant.

*Morris Gerber,* with him *Marc D. Jonas,* and *Gerber, Davenport & Wilenzik,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, March 31, 1975:

Is section 916 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, 53 P. S. §10916, governing petitions for the posting of a bond as a condition of continuing a zoning appeal, available to a land developer who has not applied for approval of a preliminary or final development plan, but who has obtained a preliminary approval by a zoning officer, which approval is the subject of an appeal to a zoning board?

This is the primary issue raised in this appeal. Appellant also questions the constitutionality of section 916, but recognizes that this Court recently considered this subject and found the statutory provisions not to be violative of the constitutional issues appellant here raises. *Driscoll v. Plymouth Township,* 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974).[1]

1. It would also appear, as appellees here argue, that appellant did not raise this issue in the court below, thus precluding it for argument for the first time in this appeal.

Section 916 of the Code provides as follows:

"Upon filing of any proceeding referred to in section 914 and during its pendency before the board all land development pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, and all official action thereunder shall be stayed unless the zoning officer or any other appropriate agency or body certifies to the board facts indicating that such stay would cause imminent peril

to life or property, in which case the development or official action shall not be stayed otherwise than by a restraining order, which may be granted by the board or by the court having jurisdiction of zoning appeals on petition after notice to the zoning officer or other appropriate agency or body. When an application for development, preliminary or final, has been duly approved and proceedings designed to reverse or limit the approval are filed with the board by persons other than the applicant, the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition to continuing the proceedings before the board. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court." (Footnote omitted.)

Pursuant to this section, appellees here petitioned the Court of Common Pleas of Montgomery County to require appellant to post such a bond. After hearing, a bond was ordered to be posted within five (5) days in the amount of $200,000.00, with an additional $50,000.00 bond one month thereafter and with the same additional amounts each succeeding month. This order was dated October 4, 1974. Upon failure of appellant to comply, by order dated October 16, 1974, the court dismissed appellant's challenge to the Zoning Hearing Board. This appeal followed from both of said orders.

Appellant contends that a literal reading of the language of section 916 limits the availability of the bond posting provisions as set forth in the last two sentences of the section to only those instances in which the developer is confronted with an appeal from an approval of a preliminary or final development plan. By comparing this language with the language contained in the first sentence of section 916, staying all land development where an appeal is taken from actions of a zoning officer or in challenge to a zoning ordinance—a broader

class of appeals than those specifically referenced in the bond posting provisions—appellant presents a superficially attractive argument. To accept it, however, would produce an incongruous and illogical result contrary to a basic precept of statutory construction, Statutory Construction Act of 1972, 1 Pa. C.S. §1922, and too narrowly restrict a search for the proper interpretation to be given these provisions.

In *Driscoll*, we said:

"Section 916 represents a balancing of interests between a landowner who has been issued a building permit to develop his land and a person who is contesting his right to do so. Until the matter is adjudicated on the merits, this section requires the landowner to cease with his development plans, even though he has already been issued a permit. As a counterbalance to this infringement of the landowner's property rights, Section 916 provides that the landowner may petition a court to have the person contesting the development of his property post a bond as a condition to a continuation of his appeal. This bond requirement serves the purpose of providing financial protection for the victorious landowner who might sustain pecuniary loss as a result of lengthy litigation while at the same time screening frivolous appeals from the administrative caseload." 13 Pa. Commonwealth Ct. at 410, 411, 320 A.2d at 448.

A balancing of interests in the context of the zoning procedures involved in this case between the property owner and those opposing the development plan (with land development stayed by reason of the provisions of the first sentence of section 916) should not produce an imbalance of interests in favor of those opposing the plan unless the bond posting provisions of the same section of the Code are capable of no other construction.

We have no difficulty in finding a legislative intent to maintain a balancing of such interests. In this case,

following our prior opinion, *Gerstley v. Cheltenham Township*, 7 Pa. Commonwealth Ct. 409, 299 A.2d 657 (1973), appellee, pursuant to section 1005(b) of the Code, 53 P.S. §11005, presented plans and other material describing the proposed development to the zoning officer for preliminary opinion as to their compliance with the applicable ordinances and maps. A favorable preliminary opinion was given, which action by the zoning officer was the basis for the appeal to the zoning board by appellant here and which appeal was the foundation for appellees' petition to the lower court seeking the posting of a bond incident to the appeal to the zoning board.

Significantly, this same section provides that "[t]he favorable preliminary opinion of the zoning officer shall be deemed to be a preliminary approval under section 915 . . . ." If, for purposes of appeal to a zoning board, a favorable preliminary opinion by a zoning officer is equated with similar action with respect to an application for preliminary approval of a development plan, we think the legislature intended that the same rights and protections be afforded to the landowner, as to this class of appeals. Only by this interpretation can a balance of interest be maintained as between the contestants consistent with the right of appeal afforded to those who oppose a land development plan and those who have sought and obtained a preliminary approval of the plan by one of the several methods afforded to seek such approval.

The orders of the lower court are affirmed.

---

CONCURRING OPINION BY JUDGE ROGERS:

The court below, adhering to our holding in *Driscoll v. Plymouth Township*, 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974), did not consider the merits of the protestants' appeal in fixing the amount of bond. Since this issue was not raised in this appeal, I concur in the result.

I feel constrained, however, to reiterate the view expressed in my dissenting opinion in *Driscoll, supra,* that the merits of the appeal should be considered by the court below in the bond proceedings authorized by Section 916 of the Municipalities Planning Code, 53 P.S. §10916. The bond ordered to be entered here was in an amount which would effectively put any protestant out of court. It was ordered to be entered, moreover, in a proceeding commenced, not by the filing of an application to develop land, but by a request for the preliminary opinion of the zoning officer on whether the proposed use or development complied with zoning regulations, pursuant to Section 1005(b), 53 P.S. §11005. The section just cited requires the developer in such cases to provide only "reasonable notice of the proposed use or development." A favorable opinion, unappealed from, by the same section is deemed to be the preliminary approval of the project mentioned in Section 915, 53 P.S. §10915, which latter provides that where preliminary approval has been granted there may be no appeal from final approval except where the final plans substantially deviate from the preliminary submission. We have thus reached the point where the land developer, by getting a zoning officer's opinion that a superficially described proposal appears to comply with local regulations and an order for a Section 916 bond in an amount based solely on its asserted increased costs, can obtain deemed approval of his project, which project although it may, as finally planned, deviate from municipal regulations, will not be subject to judicial review on this ground. I cannot believe that the Legislature intended such a result.