In Re: Appeal of Joseph A. Hercek, Shelia Stasko and The Lehigh Valley Environmental Federation *v.* Whitehall Township Zoning Hearing Board. Joseph A. Hercek, Shelia Stasko and The Lehigh Valley Environmental Federation, Appellants.

Submitted on briefs to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Malcolm J. Gross,* with him *Paul A. McGinley, Jr., Carol K. McGinley,* and *Gross & Brown,* for appellants.

*Howard Gittis,* with him *Ian A. L. Strogatz* and, of counsel, *Wolf, Block, Schorr and Solis-Cohen,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 29, 1975:

On December 10, 1974, appellee was issued two building permits for the construction of a shopping mall and parking lot in Whitehall Township. An appeal was duly taken by appellants herein to the Zoning Hearing Board of Whitehall Township challenging the validity of these permits as well as the preliminary approval for site work and erosion control previously granted in November of 1974. Appellee then filed a petition to post bond under Section 916 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, 53 P.S. §10916. On February 11, 1975, the Court of Common Pleas of Lehigh County ordered appellants, as a condition to continuing

their appeal before the zoning board, to post bond in the amount of $10,000.00 within six (6) days, with additional monthly increments totalling $750,000.00 to compensate appellee for damages arising from the delay in the completion of the project necessitated by the appeal. When appellants failed to post the first stage of the bond, their appeal to the zoning board was dismissed, and this appeal followed.

Section 916 provides:

"Upon filing of any proceeding referred to in section 914 and during its pendency before the board all land development pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, and all official action thereunder shall be stayed unless the zoning officer or any other appropriate agency or body certifies to the board facts indicating that such stay would cause imminent peril to life or property, in which case the development or official action shall not be stayed otherwise than by a restraining order, which may be granted by the board or by the court having jurisdiction of zoning appeals on petition after notice to the zoning officer or other appropriate agency or body. When an application for development, preliminary or final, has been duly approved and proceedings designed to reverse or limit the approval are filed with the board by persons other than the applicant, the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition of continuing the proceedings before the board. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court."

In *Driscoll v. Plymouth Township,* 13 Pa. Commonwealth Co. 404, 320 A. 2d 444 (1974), this Court held that Section 916 does not violate due process or equal protection of law, the same constitutional challenges raised

here. *Driscoll* further holds that in a Section 916 proceeding the lower court's inquiry is limited to a determination of the reasonably anticipated damages a landowner will suffer as the result of the delay caused by the protestant's appeal to the zoning board. Neither the underlying merits of the appeal nor the protestants' financial ability to post bond are relevant to this inquiry. *Driscoll* was recently followed in *Orleans v. Melrose Park Improvement Association,* 18 Pa. Commonwealth Ct. 185, 335 A. 2d 851 (1975), where Section 916 was held applicable to an appeal from a favorable preliminary opinion of a development plan by a zoning officer under Section 1005(b) of the Code, 53 P.S. §11005(b). Appellants attempt to distinguish *Driscoll* and *Orleans* by arguing that appellee failed to record its approved final development plan within ninety (90) days as required by the local ordinance; and, therefore, the plan was not "duly approved" within the meaning of Section 916, and their appeal would not operate so as to "reverse or limit" an approval which was, in effect, a nullity. It is clear to us that this allegation of a procedural defect in the recording of the plan is properly for the zoning board's consideration in the first instance, and since it raises a question going to the underlying merits of the appeal, the lower court did not commit an abuse of discretion in refusing to consider it.

Nor do we find that the lower court abused its discretion in setting the amount of bond. The record establishes that the interest carrying costs alone on the project amount to $2,330.00 per day, or approximately $70,000.00 per month. Calculated upon an annual inflation factor of 12% prevailing in the area construction industry, the cost of material and labor was estimated to increase $75,000.00 per month. Faced with the delay occasioned by the appeal, appellee was forced to cancel—at an option cost of $5,000.00—a structural steel order it had placed before the appeal, and which will cost an additional $80,000.00 to reorder. Given this evidence, and other testi-

mony of potential delay damages relating to the cost of refinancing the entire project and the loss of rent from prospective tenants, we can only hold that the first stage bond of $10,000.00 not posted by appellants, was within the court's statutory discretion.

Appellant contend that these costs cannot be attributed to the appeal delay since appellee continued to perform site work after the appeal was taken, and appellants agreed to waive the automatic stay provision of Section 916 if, concomitantly, no bond were required. The continuing work, however, was performed pursuant to a certification by the township zoning officer under Section 916 in order to prevent erosion and water runoff which threatened adjacent properties and resulted from site work performed under the prior approvals before notice of the appeal. The evidence establishes that appellee's delay costs were not attributed to this work, but to other grading and fabricating work which was foreclosed by the pendency of the appeal. As to the attempted waiver of the stay of development provision of Section 916, we agree with appellee that this provision is mandatory and the protection afforded thereby extends beyond the interests of the particular appellant before the zoning board so as to preclude its amicable waiver.

Finally, we cannot agree that the lower court erred in striking appellant's set of interrogatories directed to appellee prior to the hearing on the petition to post bond. The trial court is given broad discretion in this respect. A review of the interrogatories reveals that most relate to the underlying merits of the appeal which, as we have previously indicated, were not relevant to the Section 916 proceeding. Therefore, under Pa. R.C.P. 4007(a), the lower court properly exercised its discretion in quashing these interrogatories.

Order affirmed.

Judge ROGERS dissents.