In Re: An Appeal From the Order of the Nether Providence Zoning Hearing Board Dated April 28, 1975 Dismissing Application No. 238, an Appeal From the Adoption of Nether Providence Ordinance No. 463, Brought by Leonard E. Mammucari, Jr. and Robert L. Anthony, on January 24, 1975. Robert L. Anthony, Appellant; Nicole Enterprises, Inc., Appellee.
In Re: An Appeal From the Enactment of Nether Providence Township Ordinance No. 463 on December 19, 1974 by the Township Board of Commissioners Nunc Pro Tunc. Robert L. Anthony, Appellant; Nicole Enterprises, Inc., Appellee.

Argued April 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Albert J. Slap,* with him *Robert L. Anthony,* for appellant.

*Robert James Jackson,* with him *Kassab, Cherry and Archbold,* for appellee.

OPINION BY JUDGE MENCER, June 4, 1976:

Nicole Enterprises, Inc. (Nicole) is the owner of an unimproved parcel of land consisting of 47.9 acres in Nether Providence Township, Delaware County. The Board of Commissioners of Nether Providence Township held a public meeting on December 5, 1974 to consider the enactment of a new ordinance, the effect of which would be to create a new zoning classification in the township, namely, an R-5c mul-

tiple dwelling district, and to rezone the property of Nicole to the new zoning classification. This new ordinance (No. 463) was enacted on December 19, 1974. Leonard E. Mammucari, Jr., and appellant, Robert L. Anthony, filed an appeal with the Zoning Hearing Board of Nether Providence Township (Board) challenging the validity of the new ordinance.

On April 28, 1975, the Board dismissed the appeal, and from this decision appellant filed an appeal to the Court of Common Pleas of Delaware County. Nicole, appellee by intervention, filed a petition seeking to require appellant to post bond under the provisions of Section 1008(4) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11008(4), as a condition to proceeding further with the appeal.[1]  Following a hearing on July 9, 1975, the court below entered an order directing appellant to provide a bond in the sum of $15,000 no later than July 11, 1975, an additional bond of $20,000 by October 1, 1975, an additional bond of $25,000 by January 1, 1976, and an additional bond of $5,000 each month starting with the month of February 1976.

Appellant failed to file the $15,000 bond on July 11, 1975, and the court below entered an order on that date dismissing appellant's appeal. An appeal to this

---

[1] Section 1008(4) of the Pennsylvania Muncipalities Planning Code reads as follows:

"(4) The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court."

court from the July 9 and July 11, 1975 orders was docketed at No. 1121 C.D. 1975.

On August 8, 1975, appellant filed a nunc pro tunc appeal with the Court of Common Pleas of Delaware County, challenging the enactment of Nether Providence Township Ordinance No. 463 on December 19, 1974. Nicole was permitted to intervene in this appeal and filed a motion to quash the appeal. The basis for the motion was that this appeal was untimely and an improper collateral attack upon the order of July 11, 1975 dismissing appellant's appeal which also challenged the validity of Ordinance No. 463. On November 25, 1975, the court below entered an order sustaining Nicole's motion to quash, and from this order appellant filed an appeal to this Court which was docketed at No. 1868 C.D. 1975.

In *Driscoll v. Plymouth Township,* 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974), this Court held that Section 916 of the Pennsylvania Municipalities Planning Code does not violate the requirements of due process or equal protection of law. The pertinent language in Section 916 of the Code is the same as that in Section 1008(4) dealing with the entry of a bond in connection with, as here, an appeal from the zoning hearing board to the court of common pleas.

*Driscoll* further holds that the common pleas court's inquiry is limited to a determination of the reasonably anticipated damages a landowner will suffer as the result of the delay caused by the protestant's appeal. Neither the underlying merits of the appeal nor the protestant's financial ability to post bond is relevant to this inquiry. The rationale of *Driscoll* was followed in *Orleans v. Melrose Park Improvement Association,* 18 Pa. Commonwealth Ct. 185, 335 A.2d 851 (1975), and subsequently in *Hercek v. Whitehall Township Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 509, 342 A.2d 127 (1975).

Nor do we find that the court below abused its discretion in setting the amounts and due dates of the bonds. The record establishes that Nicole desires to construct 112 townhouses and 162 midrise units on the land in question. The total cost of the project was projected to be approximately $10,000,000. The estimated current annual rate of increase in the cost of construction was estimated at 15 percent. Obviously, time is of some essence on a project of this magnitude where the testimony discloses that construction costs will likely rise approximately $1,500,-000 for each year the project is postponed or delayed. In addition, the record discloses that an outstanding indebtedness of $575,000 was incurred by Nicole to purchase a portion of the land on which the project is to be constructed and that interest costs on this indebtedness approximates $6,000 each month.

Considering this evidence and other testimony relative to the postponement of rent from prospective tenants, we must conclude that the first-stage bond of $15,000, not posted by appellant, was within the court's statutory discretion.

Ordinance No. 463 was enacted on December 19, 1974. Appellant's application to appeal nunc pro tunc, challenging defects in the process of the enactment of that ordinance, was filed on August 8, 1975. Sections 1001 and 1003 of the Pennsylvania Municipalities Planning Code, 53 P.S. §§11001, 11003, provide as follows:

"Section 1001. Zoning Appeals—The proceedings set forth in this article shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality, its agencies or officers adopted or issued pursuant to this act.

. . . .

"Section 1003. Validity of Ordinance; Procedural Questions.—Questions of an alleged defect in the process of enactment or adoption of any ordinance or map shall be raised by an appeal taken directly from the action of the governing body to the court filed not later than thirty days from the effective date of the ordinance or map."

Since the timeliness of an appeal relates to the jurisdiction of a court and its competency to act, we consider it pertinent here to repeat what we stated in *Iannotta v. Philadelphia Transportation Company,* 11 Pa. Commonwealth Ct. 156, 159, 312 A.2d 475, 476 (1973):

"Where an Act of Assembly fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence. Nardo v. Smith, 448 Pa. 38, 292 A.2d 377 (1972); Luckenbach v. Luckenbach, 443 Pa. 417, 281 A.2d 169 (1971).

"The timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. Department of Transportation v. Brougher, 5 Pa. Commonwealth Ct. 531, 291 A.2d 811 (1972); Commonwealth v. Yorktowne Paper Mills, Inc., 419 Pa. 363, 214 A.2d 203 (1965). The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers. Nixon v. Nixon, 329 Pa. 256, 198 A. 154 (1938). Claimant makes no argument here based on these narrow exceptions."

We have considered the additional contentions raised by appellant on this appeal and find each of them to be either without merit or contentions that were not raised in the court below and therefore are not properly before this court on appeal.

Orders affirmed.

Judge KRAMER did not participate in the decision in this case.

Judge ROGERS dissents.