504 A.2d 862

**Kathryn J. BLOUCH, Appellant (at 628)**

**v.**

**CLIFFORD R. ZINN & SON, INC., Joel H. Zinn, Individually and Aetna Life Insurance Company.**

**Appeal of CLIFFORD R. ZINN & SON, INC., and Joel H. Zinn (at 602).**

Superior Court of Pennsylvania.

Argued Sept. 19, 1985.

Filed Jan. 31, 1986.

328

Wiley P. Parker, Lebanon, for appellants in No. 602 and appellees in No. 628.

Robert I. Cottom, Reading, for appellant in No. 628 and appellee in No. 602.

Before WICKERSHAM, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

Kathryn Blouch, seeking the proceeds of her deceased husband's life insurance policy, initiated this action in trespass and assumpsit against Aetna Life Insurance Company (hereinafter "Aetna"), Joel H. Zinn, an independent insurance agent, and Clifford R. Zinn and Son, Inc., in the Court of Common Pleas of Lebanon County. The jury found that credit had been extended to Mr. Blouch for the first premium due on his policy and returned a verdict in favor of Mrs. Blouch in the amount of forty-thousand dollars ($40,000.00), less two-hundred and thirty four dollars and eighty cents, the amount of the first premium. The same jury then determined that Aetna was not entitled to indemnity from Zinn and his corporation. Motions for judgment n.o.v. and/or a new trial were timely filed by both Aetna and

Zinn. The trial judge directed that judgment be entered on the jury's verdict in favor of Blouch, granted Aetna's motion for judgment n.o.v. as against Zinn on the indemnity verdict and denied Zinn's motions for new trial and/or judgment n.o.v. This appeal followed. We affirm in part and reverse in part.

Four issues are raised on appeal: 1) whether the trial court erred in granting Aetna's motion for judgment n.o.v. and entering judgment in favor of Aetna and against Zinn; 2) whether the trial court properly submitted the case to the jury under the theory that the unconditional delivery of the life insurance policy created a presumption that credit had been extended to Blouch for the initial premium; 3) whether the trial court erred in sustaining Zinn's objection to Blouch's interrogatory which sought to discover if Zinn had issued a personal check or a firm check within the past ten (10) years in payment of premiums for any client prior to receiving payment from insured; and 4) whether the trial court erred in sustaining Zinn's objection to Blouch's interrogatory which sought to discover if Zinn had paid within the past ten (10) years a homeowner, commercial or automobile policy premium on behalf of a client. Aetna only appeals on the second issue. Zinn appeals on the first and second issue and is joined by Blouch on the first. Blouch appeals individually on the third and fourth issues.

Eugene Blouch engaged in numerous transactions with Joel Zinn, an insurance agent. In a number of these transactions, Zinn extended credit to Blouch. Blouch was permitted to pay the premium after the effective date of the policy. In February 1979, Blouch submitted a written application for an Aetna life insurance policy to Zinn, an agent for Aetna. Zinn mailed the application along with a report of Blouch's physical examination to the local Aetna office. Aetna provisionally approved the application and forwarded the policy to Zinn.

Zinn's employee then mailed the policy to Blouch with an invoice attached. The invoice did not list the date the initial premium was due nor that the policy was ineffective until

the initial premium was paid. Zinn telephoned Blouch and informed him that the policy was in the mail and for Blouch to call if he had any questions. Zinn did not question Blouch about the payment of the first premium nor inform Blouch that the policy was ineffective until the premium was paid. Blouch died two weeks later. The following month Kathryn Blouch, decedent's wife, requested payment of the proceeds due under the policy. Aetna refused payment claiming the first premium was never paid and that the policy never became effective. Mrs. Blouch then initiated this claim against Aetna and Zinn.

In deciding whether the judgment n.o.v. was properly entered, our focus is on whether Aetna was liable for the payment of the proceeds based upon Zinn's extension of credit to Blouch and Aetna's ratification of such a practice. In asserting that Aetna and Zinn were liable under the life insurance policy, Blouch claimed that Zinn extended credit to decedent in prior casualty and homeowner insurance transactions, Zinn extended credit to other clients for life insurance with Aetna and that Aetna knew of this practice and ratified and accepted it.

Under Pennsylvania law, an insurance agent is precluded from offering or granting premium rebates, special advantages or other inducements to a prospective client to secure an insurance contract. *See* Act of May 17, 1921, P.L. 789, § 635, 40 P.S. § 275. This section provides in pertinent part:

No insurance agent, solicitor, or broker, personally or by any other party, shall offer, promise, allow, give, sell off, or pay, directly or indirectly, any rebate of, or part of, the premium payable on the policy or on any policy or agent's commission thereon ... or any special advantage in date of policy or age of issue, or any paid employment contract for services of any kind, or any other valuable consideration or inducement ...

*Id.* The object of this legislation is to outlaw unfair treatment of prospective insurance clients of the same class.

*McDowell v. Good Chevrolet-Cadillac,* 397 Pa. 237, 154 A.2d 497 (1959).

■ Aetna contends the judgment n.o.v. was properly granted because Zinn violated this statutory provision by extending credit. While there is case law which holds that delivery of a life insurance policy on credit confers a special advantage in violation of this statute, *Katchmer v. Prudential Insurance Co. of America,* 325 Pa. 69, 188 A. 869 (1937), it does not apply to the case *sub judice.* In *Katchmer,* the agent intimated to the proposed insured that they should postpone the insurance agreement for a few days to allow the purchaser to think it over. The agent expressly stated that the client should keep the money. Therefore, the policy in *Katchmer* was never truly delivered. The appellant merely accepted the policy for the purpose of inspection. To allow a party to enforce a policy under these conditions would surely constitute a special advantage. In the case *sub judice,* no testimony was given to demonstrate that Zinn furnished any rebate to Blouch by extending credit to him for the initial premium, or that Zinn used the extension of credit as an inducement to Blouch. On delivery, Blouch accepted the policy as effective and not under the pretense of inspecting it.

Additionally, Zinn's agency agreement with Aetna specifically provided that Zinn was not authorized to extend the time for paying any premiums, and that Zinn could not waive or alter the agreement. Furthermore, the application which Blouch submitted, and the policy which he received, expressly stated that the policy was ineffective until the initial premium was paid.

A principal is only responsible for the unauthorized acts of his agents when he accepts the benefits of the unauthorized act and confirms the authority of the agent to perform the act. *Employers' Liability Assurance Corp. v. Fischer & Porter,* 167 Pa.Super. 448, 75 A.2d 8 (1950). Under the terms of the insurance statute, the agency agreement and the insurance policy, Aetna could only be held liable if it

accepted and ratified Zinn's unauthorized practice of extending credit either expressly or by implication.

In this case, the jury determined that credit had been extended to Blouch for the initial premium. The same jury then determined that Aetna was not entitled to indemnification from Zinn, and therefore concluded that Aetna knew of Zinn's practice of extending credit to insureds and accepted and ratified such a practice. In granting Aetna's motion for judgment n.o.v. as concerned the indemnification question, the trial judge concluded there was no reasonable basis for the jury's decision. The court held that Zinn exceeded the scope of his authority in extending credit to Blouch and that Aetna was not liable for the consequences of such an action.

We cannot accept these conclusions. In his charge to the jury, the trial judge stated:

Now, you decide. Did [Zinn] extend credit in violation of his agreement, or did he mail it without extending credit but that Mr. Blouch relied on past practices and assumed that he had the time to pay? *Were these past practices condoned by Aetna? Did [Aetna] by any of its conduct alter the terms of this [agency] agreement?* ... You are to determine whether or not this agency agreement has been exceeded by Mr. Zinn. If it has, then your verdict is for the plaintiff; Aetna. If he has not, then your verdict is in favor of Zinn.[1]

While Zinn's extension of credit may have violated the terms of Zinn's agency agreement with Aetna, the jury was free to decide, under these instructions (and obviously did decide) that Aetna condoned Zinn's practice of extending credit for the initial premium. Therefore, even though Zinn exceeded the literal bounds of his authority, the jury reasonably concluded that his actions were implicitly authorized by Aetna.

1. While the "past practices" referred to in this quote relate to insurance policies written by Zinn for Blouch that were not Aetna policies, it is still clear from the remainder of the quote that the jury was charged with determining whether Aetna condoned Zinn's practice of extending credit thereby altering the terms of the agency agreement.

The granting of a motion for judgment n.o.v. is a drastic act which often leads to drastic results. This case is no exception. As a result of the trial court's decision, Zinn effectively became individually liable for the payment of the proceeds on Blouch's life insurance policy. In reviewing a trial court's granting of a judgment n.o.v., the evidence most favorable to the verdict winner, in this case Zinn, must be considered with all reasonable inferences therefrom. *Handfinger v. Philadelphia Gas Works,* 439 Pa. 130, 266 A.2d 769 (1970); *Tyus v. Resta,* 328 Pa.Super. 11, 476 A.2d 427 (1984). A judgment n.o.v. should only be entered when the facts are such that no two reasonable persons could disagree that the verdict is improper. *Cummings v. Borough of Nazareth,* 427 Pa. 14, 233 A.2d 874 (1967); *McCloskey v. New York Life Insurance Co.,* 292 Pa.Super. 1, 436 A.2d 690 (1981).

While Aetna asserted that company policy prohibited the extension of credit, it was for the jury to determine whether Aetna actually enforced this policy. The jury reasonably inferred from the evidence advanced that Aetna knew of Zinn's course of dealing with other proposed policyholders and accepted such dealings. Aetna is precluded from availing itself of the benefits of the agent's practices and at the same time repudiating the agent's authority to take such action. *Friedman v. Kasser,* 332 Pa.Super. 475, 481 A.2d 886 (1984); *Employers' Liability, supra.* Once Aetna ratified Zinn's extension of credit to proposed policyholders, it could not escape liability based on Zinn's violation of the agency agreement or the policy.

█ It is well-established that a provision in a life insurance policy stating that the policy is ineffective until payment of the initial premium is for the insurer's benefit and may be waived by the insurer. *Susquehanna Mutual Fire Insurance Co. v. Elkins,* 124 Pa. 484, 17 A. 24 (1889). Clearly, there was sufficient evidence presented to support the jury's finding that Aetna had waived this provision in the case *sub judice.*

The jury's decision that Zinn was not required to indemnify Aetna was not so patently erroneous. The question of whether Aetna condoned Zinn's custom of extending credit was for the jury. The jury's determination that Aetna knew of and accepted this practice, despite its violation of company policy, was reasonable and supported by the evidence presented. Testimony was elicited which amply demonstrated that Zinn extended credit to other proposed policyholders with Aetna. The evidence indicated that Zinn had taken such action on at least three previous occasions. No evidence was presented to show that Aetna at any time questioned or complained about Zinn's conduct in these instances.

■ The jury properly concluded that Aetna accepted the benefits of Zinn's unauthorized act and confirmed Zinn's authority to perform the act. It is clear that Aetna would not be entitled to indemnification from Zinn. In Pennsylvania, the right to indemnity rests upon a difference between the primary and secondary liability of two persons, each of whom is made responsible to an injured party. The right to indemnity arises when a person, without active fault on his own part, has been compelled to pay damages occasioned by the negligence of another. *Burbage v. Boiler Engineering and Supply Co.*, 433 Pa. 319, 249 A.2d 563 (1969).

Such was not the situation in the case *sub judice*. As the underwriter for Blouch's policy, Aetna is primarily and solely responsible for the payment of proceeds on an effective life insurance policy. The jury clearly found that Blouch's policy was effective and that Aetna condoned the practice which allowed it to become effective, namely, the extension of credit. Therefore, Aetna was not entitled to indemnity from Zinn.

We hold that Blouch produced sufficient evidence to allow the jury to reasonably infer the facts necessary to establish Aetna's liability under the insurance policy and that the judgment n.o.v. was improperly entered. Blouch presented evidence to show that while Zinn was precluded by his agency agreement and the policy from extending credit on

life insurance policies, Aetna waived these limitations and was therefore liable on Blouch's policy.

On the second issue, both Aetna and Zinn argue that Pennsylvania case law is void of decisions holding that the unconditional delivery of a life insurance policy raises a presumption of the extension of credit. We disagree. Though not of recent vintage, there is Pennsylvania case law which so holds. *See e.g., Woloshin v. Guardian Life Insurance Co.*, 146 Pa.Super. 152, 22 A.2d 54 (1941). Numerous other state courts have reached the same conclusion. *Beggs v. Metropolitan Life Insurance Co.*, 219 Iowa 24, 257 N.W. 445 (1934); *Union Life Insurance Co. v. Parker*, 66 Neb. 395, 92 N.W. 604 (1902); *Columbian Nat'l. Life Insurance Co. v. Wirthle*, 73 Okl. 302, 176 P. 406 (1918); *Fidelity & Casualty Co. v. Chambers*, 93 Va. 138, 24 S.E. 896 (1896).

Aetna and Zinn contend that the presumption of extended credit is not applicable to the case *sub judice* because the policy in question did not contain a clause which formally acknowledged the payment of the first premium. Therefore as Aetna and Zinn allege, the basis for holding that the delivery of an insurance policy makes out a prima facie case of payment of the initial premium is not present. Appellants, Zinn and Aetna, rely on *Shook v. New York Life Insurance Co.*, 343 Pa. 185, 22 A.2d 647 (1941), *Brandis v. Empire State Life Insurance Co.*, 315 Pa. 558, 174 A. 104 (1934), and *Eaton v. New York Life Insurance Co.*, 315 Pa. 68, 172 A. 121 (1934) as support for this argument. This reliance is misplaced. These cases hold that an acknowledgment of payment of the first premium in a policy which has been delivered gives rise to a conclusive presumption. *Accord* Couch, *Insurance 2d* § 9:28 (Rev. edition 1984); Appleman, *Insurance Law and Practice*, § 8457 (2d edition 1985).

■ The trial court did not submit the present case to the jury under the theory of a conclusive presumption. Instead, the judge submitted the case to the jury under the theory of a prima facie presumption. Under this latter

theory, the unexplained delivery of a life insurance policy, absent an acknowledgment of payment of the premium, but with possession by insured at the time of death, is prima facie proof that credit has been extended. *Woloshin v. Guardian Life Insurance Co.*, 146 Pa.Super. 152, 22 A.2d 54 (1941). *Accord* Couch, *Insurance 2d*, § 9:32; Appleman, *Insurance Law and Practice*, § 8457.

This presumption is subject to rebuttal. To successfully defeat this presumption, the party opposed to it must demonstrate by a preponderance of the evidence that credit was not extended, nor had any actions been taken to lead the insured to reasonably believe that credit had been extended. In the case *sub judice*, Zinn and Aetna presented evidence that Blouch's initial premium was not paid prior to his death and that credit had not been extended to him for this premium. They relied primarily on the fact that their agency agreement and the life insurance policy both required payment of the first premium before the policy went into effect. Aetna argued that because Zinn was precluded from extending credit to proposed policyholders, it necessarily followed that credit was not extended.

In opposition to this evidence, Mrs. Blouch asserted that her husband often paid bills in cash maintaining no records to indicate such payment. Furthermore, Blouch contended that in previous insurance arrangements, Zinn extended credit to Blouch for the initial premium and that Zinn telephoned Blouch to inform him that the policy had been mailed but failed to state that a premium payment was due or that the policy was ineffective until receipt of such payment. Based on this conflicting evidence, the question of whether or not credit had been extended and accepted, so as to activate the policy, was properly submitted to the jury. *New York Life Insurance Co. v. Seifris*, 46 F.2d 391 (3d Cir.1931) (applying Pennsylvania law).

The two remaining issues dealing with the interrogatories are identical in nature and therefore will be discussed as one. In sustaining Zinn's objections to answering these interrogatories, the trial court found that while the informa-

tion sought was not privileged, a question seeking information concerning the extension of credit to others was irrelevant to the case *sub judice.* In addition, the court held that it would be unduly burdensome for Zinn to answer these interrogatories.

■ The question of whether a discovery request is too broad or too burdensome is for the trial court, and not the appellate court. The trial court is given broad discretion to deal with discovery issues. *Stern v. Vic Snyder,* 325 Pa.Super. 423, 473 A.2d 139 (1984); *Hercek v. Whitehall Township Zoning Hearing Bd.,* 20 Pa.Cmwlth. 509, 342 A.2d 127 (1975). The trial court's decision to order or to limit discovery will not be disturbed unless an abuse of discretion is demonstrated or it is shown that such an order was prejudicial; Blouch proved neither in the case *sub judice.*

The trial court's refusal to dismiss Zinn's objections to answering questions concerning his conduct in extending or denying credit to others did not weaken Blouch's case. The court presented the case to the jury under the theory that Zinn extended credit to Blouch for the first premium. The jury accepted this theory and entered a verdict in Blouch's favor. Therefore, Zinn's failure to answer these questions in no way prejudiced Blouch's case.

The trial court also acted well within the bounds of its discretion in sustaining Zinn's objections. The purpose of discovery is to allow all parties and the court to properly prepare for the case. *Peoples City Bank v. John Hancock Mutual Life Insurance Co.,* 353 Pa. 123, 44 A.2d 514 (1945). *See* 23 Am.Jur.2d, *Depositions and Discovery* § 270. As the verdict indicates, Blouch successfully proved her claim. Blouch's substantial rights were not injuriously affected by the trial court's decision. The fundamental objectives of discovery, allowing counsel to gain adequate knowledge of the facts and issues, was fulfilled. We hold that the trial court did not abuse its discretion in refusing to dismiss Zinn's objections to Blouch's interrogatories concerning his practice of extending credit to other clients.

Accordingly, we reverse the trial court's granting of Aetna's motion for judgment n.o.v. and direct judgment to be entered on the jury's verdict in favor of Zinn. We affirm on all other judgments. Jurisdiction relinquished.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I must respectfully dissent from that portion of the majority Opinion which finds that Aetna waived the limitations in its agency agreement with Zinn, and reinstates the jury verdict against Aetna. In the second phase of the case, the jury was instructed as follows:

> Now, in this phase of the case, the plaintiff, Aetna, contends that it has been rendered liable to pay a verdict because its agent, Zinns, did not comply with the agency agreement.... [I]t is Aetna's position that the limitation of authority imposed by them on Mr. Zinn was exceeded and, therefore, Aetna should not have to pay this verdict but Mr. Zinn does for breaching the agency agreement.
>
> Mr. *Zinn,* on the other hand, *contends that he at all times complied with the terms of the agency agreement.* In particular, he said that he did not extend credit to Mr. Blouch because under the terms of the agency agreement, ... [he] was prohibited from extending the time for the payment of premiums....
>
> ... [M]embers of the jury, you must concentrate on this agreement, the limitations imposed on the authority of an agent and whether or not Mr. Zinn violated it.
>
> If you find by a preponderance of the evidence that he did, then your verdict would be in favor of Aetna. If you find by a preponderance of the evidence that he did not exceed his authority, the limitations of his authority as set forth in the agreement, then your verdict would be in his favor....

N.T., 12/15/82 at 324–26 (emphasis added).

It is clear that the jury was instructed simply to determine whether Zinn complied with the terms of his agree-

ment with Aetna. Although the portion of the charge cited by the majority at page 6 of the Opinion asked the jury whether Aetna altered the terms of the agreement, the "past practices" referred to immediately preceding relate to previous insurance policies written by Zinn on behalf of Mr. Blouch, which were not Aetna policies. N.T., 12/15/82 at 328. Indeed, the trial court reiterated, "You are to determine whether or not this agency agreement has been exceeded by Mr. Zinn. If it has, then your verdict is for the plaintiff, Aetna. If he has not, then your verdict is in favor of Mr. Zinn." N.T., 12/15/82 at 329. Moreover, Zinn never advanced the position that *if* the jury should find he exceeded the scope of his authority, the jury must then consider whether Aetna condoned his practices and thereby altered the terms of the agency agreement. Zinn merely relied upon his theory that he at all times complied with the terms of the agreement as written.

In reviewing Aetna's motion for judgment n.o.v., the trial court properly considered the evidence most favorable to Zinn as verdict winner and all reasonable inferences therefrom, *see Tyus v. Resta*, 328 Pa.Super. 11, 476 A.2d 427 (1984), and concluded that the jury could not possibly find that credit had been extended by Zinn to Blouch on the one hand, but that Zinn had not violated his agreement with Aetna on the other. This Court must similarly view the evidence and all reasonable inferences in the light most favorable to the verdict winner on an appeal from the entry of a judgment n.o.v. *Handfinger v. Philadelphia Gas Works*, 439 Pa. 130, 132, 266 A.2d 769, 771 (1970). Resolving all doubts in favor of the verdict, I find this to be a clear case in which judgment n.o.v. was properly entered. *See Tyus v. Resta, supra; Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100 (1980).

Even if the question of whether or not Aetna enforced the terms of its agreement with Zinn was properly advanced and considered by the jury, I do not find enough evidence in the record before us to support the majority's theory that Aetna knew or should have known that Zinn

was extending credit. Zinn's testimony on direct examination, N.T., 12/15/82 at 315, without more, does not lead to the conclusion that Aetna should be aware that policies were delivered prior to the receipt of premiums.

While I agree with the majority's disposition of the remaining issues, I would affirm the trial court's granting of judgment n.o.v.