Neshaminy Plaza II, A Joint Venture *v.* Stephen J. Kelly, Supervisor, Bensalem Township. Stephen J. Kelly, Appellant.

Neshaminy Plaza II, A Joint Venture *v.* Stephen J. Kelly, Supervisor, Bensalem Township. Neshaminy Plaza II, Appellant.

Argued October 8, 1975, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Rogers and Blatt. Judges Kramer and Wilkinson, Jr., did not participate.

470

*Jan Z. Krasnowiecki*, with him *Arsen Kashkashian, Jr.*, for Neshaminy Plaza II.

*Emil F. Toften*, with him *Henry F. Huhn*, for Stephen J. Kelley.

OPINION BY JUDGE ROGERS, October 30, 1975:

There are before us two appeals consolidated for argument and disposition: the first, that of Stephen J. Kelly, a Supervisor of Bensalem Township, from an order of the Court of Common Pleas of Bucks County requiring him to post bond as a condition to continuing a proceedings before the Zoning Hearing Board of Bensalem Township; the second, that of Neshaminy Plaza II (Neshaminy) from an order of the same court dismissing a contempt citation against Kelly and two members of the Township Zoning Hearing Board.

The facts, briefly, are that Neshaminy on October 16, 1973 received the Township's permit to construct an office building pursuant to plans approved by the Township's planning and zoning authorities. The building was completed in or about September 1974, and Neshaminy then applied for and obtained from the Township a Certificate of Occupancy and Compliance founded on the

approvals of the structure as conforming to Township requirements by the Township building, plumbing and zoning officers. Kelly filed with the Zoning Hearing Board a "Challenge to the Decision of the Zoning Officer" averring that "the Development was and is in violation of the Township Zoning Ordinance." The challenge (or appeal) was subscribed by Kelly as a Township Supervisor.[1] Neshaminy thereupon filed a petition for an order requiring Kelly to post bond. The court by order fixed a hearing date and ordered a stay of proceedings. After hearing, the court directed Kelly initially to post bond of $5539.20 and thereafter during the pendency of the proceedings before the Zoning Hearing Board to post bond in the amount of $3462 each month.[2]

Section 916 of the MPC, 53 P.S. §10916, pursuant to which Neshaminy petitioned for bond, reads:

> "Upon filing of any proceeding referred to in Section 914 and during its pendency before the board all land development pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, and all official action thereunder shall be stayed unless the zoning officer or any other appropriate agency or body certifies to the board facts indicating that such stay would cause imminent peril to life or property, in which case the development or official action shall not be stayed otherwise than by a restraining order, which may be granted by the board or by the court having jurisdiction of zoning appeals on petition after notice to the zoning officer or other appropriate agency or body. When an application for development, preliminary or final, has

---

1. It was thus properly filed pursuant to Sections 909 and 914 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10909, 10914.

2. The amounts of the bonds were based upon Neshaminy's losses occasioned by its inability because of the litigation to complete permanent financing of the project.

been duly approved and proceedings designed to reverse or limit the approval are filed with the board by persons other than the applicant, the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition to continuing the proceedings before the board. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court."

Kelly argues that his challenge to the Certificate of Occupancy and Compliance was not a proceeding designed to reverse or limit an approved application for development because by Section 107(2) an application for development is defined as an application "required to be filed and approved prior to start of construction or development." Since the construction here was completed, his argument continues, his challenge to Neshaminy's right to occupy its building is not an attack on an application required to be filed prior to construction or development. This is a misreading of the purpose and intent of the penultimate sentence of Section 916. The provision does not limit the developer's right to ask for and obtain an order for the posting of bond to attacks on the action of approving applications for development; it allows such petitions in any proceedings which have for their purpose the *limiting* or reversing of such approvals. Neshaminy established at the hearing below that its building complied in all respects to the approved plan of development upon which its building permit was issued prior to construction. Kelly's attack on the Certificate of Occupancy and Compliance, if successful, would limit the approval of the plan of development by preventing use of the building. While an application for development must precede construction, once granted it includes the right to use the thing constructed for its intended purpose; provided only that the construction conforms to the approved plans. Kelly's challenge alleges

that Neshaminy's office building development does not provide the number of parking spaces required by the zoning ordinance. This would have been the proper subject of an appeal from the issuance to Neshaminy of its building permit in October 1973, if brought within thirty days. Section 915 of the MPC, 53 P.S. §10915. No such appeal having been taken, Neshaminy's right to develop its property in accordance with the plan filed, despite zoning deviations, became incontestable. *See Larwin Multihousing Corp. v. Commonwealth,* 19 Pa. Commonwealth Ct. 181, 343 A.2d 83 (1975). Since Neshaminy's development conforms to the approved application, Kelly's attack on its use of the property is an effort to limit the prior approval and is exactly the kind of proceedings against which the Section 916's provision for bonds was intended to protect developers.

Neshaminy's appeal from the lower court's dismissal of contempt citations against Kelly and two Zoning Hearing Board members is also unmeritorious. The judge who considered the petition for bond ordered a stay of proceedings. An uncertified and not faithfully conformed[3] copy of the judge's order was served on Kelly and the Board members by an associate of the law firm representing Neshaminy at the time and place scheduled for hearing on Kelly's appeal from the grant of the Certificate of Occupancy and Compliance. The Board proceeded with the hearing and Neshaminy says this was in contempt of the stay order. The hearing judge dismissed the citation on the ground that the alleged contemnors, in view of the informality of the document served and the partisan capacity of the server, had no reliably authorative basis for believing that they were under an interdiction against holding a zoning hearing. We agree.

Orders affirmed.

---

3. At the place provided for the judge's signature, only initials appeared.