## Greenview v. Citizens Organized to Reclaim Chesterbrook

*Richard L. Bazelon* and *John B. Hannum, Jr.*, for plaintiffs.
*Lawrence E. Wood*, for defendants.

SUGERMAN, *J.*, August 18, 1978—On August 17, 1978, this court directed the captioned respondents, Citizens Organized to Reclaim Chesterbrook and Citizens for Valley Forge, to post bond in the sum of $3,240 monthly as a condition of proceeding with their appeal before the Zoning Hearing Board of Tredyffrin Township.[1] On the same day, three members of respondent associations presented to the court a document styled "Appeal Bond," drafted in the usual language and obligating respondents and the three members thereof to pay all costs and damages accruing to petitioners occasioned by delay should respondents' appeal be unsuccessful. The bond was drawn in the sum of $3,240.

An affidavit was annexed to the bond, entitled Affidavit of Sureties and executed by the three individual members of respondent associations. In

---

1. Our order was entered pursuant to section 916 of the Municipalities Planning Code of July 31, 1968, P.L. 805, art. IX, as amended, 53 P.S. §10916 (MPC).

the body of the affidavit, John R. Mooney and his wife, Joan D. Mooney, aver that they own certain real property in Chester County, having a fair market value of $60,000, encumbered by a mortgage in the sum of $14,000. Eleanor Morris avers in the same affidavit that she owns unencumbered real property in Chester County having a fair market value of $25,000. Mr. and Mrs. Mooney, and Mrs. Morris are the three Association members who also executed the appeal bond as obligors.

On August 17, 1978, this court found the bond to be in compliance with our order, approved the same, and directed the prothonotary to index the bond as lis pendens in the judgment index against the real property described in the affidavit annexed to the bond.

As is thus obvious, Mr. and Mrs. Mooney and Mrs. Morris have in practical effect pledged real property having an asserted net market value of $71,000 as security for their bonded obligation of $3,240.

On September 6, 1978, petitioners filed a document styled Motion Re Objection to Appeal Bond, requesting the court to direct the respondents to post a cash bond or bond with corporate surety. A hearing was held upon petitioners' motion, limited by counsel to argument, and the matter is ripe for disposition.

The gravamen of the petitioners' motion is set forth in paragraph 3 thereof, restated here:

"3. The Petitioners submit that the purpose and intent of having said bond in the form approved by the Court on August 30, 1978 defeats the purpose of obtaining a bond (53 P.S.A. 10916) in that the Petitioners would not have ready or assured access to

the bond approved on August 30, 1978 and would therefore ask the Court to require the Respondents to post a cash bond or have the Respondents post bond through an approved bonding company."

As counsel for petitioners correctly noted at argument, in the event the obligors' obligation under the bond ripened and they refused a demand for payment, petitioners would be required to commence litigation in order to reach the real property owned by the obligors. It is equally correct that such litigation would include execution against the real property in order to liquidate the obligation. It is also theoretically possible, although counsel did not argue the point, that unless a purchaser were obtained at a sale of the real property upon execution, cash to liquidate the obligation might never be obtained by petitioners.

We first observe that the pertinent language of section 916 of the MPC, underlying our order requiring bond, affords us no assistance in our effort to determine a proper disposition of the matter before us. "[§916]. . . the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition to continuing the proceedings before the board . . . The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court." 53 P.S. §10916. Virtually the identical language appears in section 1008 of the MPC, 53 P.S. §11008, providing a parallel remedy in the case of an appeal to the court of common pleas.[2]

2. We note with great interest that sections 916 and 1008 of the MPC are radically altered by House Bill No. 263, Session of 1977, passed by both houses of the legislature and at this writing, awaiting the Governor's signature.

There is thus no indication of the form of security that must or should underlie a bond ordered under either statutory provision.[3] Nor is there appellate or other authority to guide us. We must thus interpret the statute.

We are reminded at once that the "object of all interpretation and construction of statutes is to ascertain and effectuate the intention" of the legislature: Statutory Construction Act of November 25, 1970, P.L. 707, added December 6, 1972, P.L. 1339, sec. 3, 1 Pa.C.S.A. §1921(a). The intention of the legislature in permitting the court to require bond to be posted as a condition to the continuation of a proceeding designed to reverse or limit an approval of land development is apparent in the statutory language itself, and has also been noted by the Commonwealth Court. We observe, for example, the following passage in Mont-Bux, Inc. v. McKinstry, 27 Pa. Commonwealth Ct. 194, 365 A. 2d 1329 (1976):

"The intendment of Section 916 of the [MPC] . . . is that, a landowner upon obtaining an approval to develop, whether preliminary, tentative, intermediate or final, may by Section 916 seek protection against his cost of delay by petitioning the court for a bond as a condition to the prosecution of the zoning appeal seeking to limit the approval then in hand." Id. at 198, 365 A. 2d at 1330.

and in Driscoll v. Plymouth Township, 13 Pa. Commonwealth Ct. 404, 320 A. 2d 444 (1974):

---

3. It was precisely this omission apparent in the statute that motivated us to cast our order requiring bond in the following mold: ". . . the Respondents are hereby ordered and directed to post bond *in manner and form to be approved by the Court* in the sum of $3,240.00 . . ." (Emphasis supplied.)

"Section 916 represents a balancing of interests between a landowner who has been issued a building permit to develop his land and a person who is contesting his right to do so. Until the matter is adjudicated on the merits, this section requires the landowner to cease with his development plans, even though he has already been issued a permit. As a counterbalance to this infringement of the landowner's property rights, Section 916 provides that the landowner may petition a court to have the person contesting the development of his property post a bond as a condition to a continuation of his appeal. This bond requirement serves the purpose of providing financial protection for the victorious landowner who might sustain pecuniary loss as a result of lengthy litigation while at the same time screening frivolous appeals from the administrative caseload." Id. at 410-11, 320 A. 2d at 448.

As is thus apparent, the statutory object of requiring the posting of bond is to provide a fund from which an ultimately successful landowner may obtain reimbursement for pecuniary damage resulting from the delay. In order that such object may be attained, the bond must logically be in an amount sufficient to realistically compensate the landowner for the total amount of damages sustained, and the assets securing the bond must be sufficiently liquid to permit recovery of such damages without difficulty. We find the real property underlying the bond at bar meets the latter criterion.

While of course United States currency as requested by petitioners represents the ideal form of security for a bond of this character, and the obligation of an appropriate corporate surety is quite similar, we do not perceive these two classes of security

as the only assets that may underlie a bond posted pursuant to section 916.[4] Rather, we suggest that the nature of the security to support a bond is and should be within the sound discretion of the court, so long as the statutory purpose of section 916 is served.

Instantly, although the petitioners do not suggest that the value of the real estate is inadequate to secure the bond, they argue most strenuously that the real estate is not a liquid asset and as a result, they will be required to commence some form of litigation in order to convert the property to cash before delay damages can be recovered. While this assertion is, at least in theory, quite correct, we do not find it compelling. Certainly one can easily envision kinds or classes of assets that would be so difficult to convert as to effectively circumvent the intended purpose of section 916 and reduce a bonded obligation to a naked, unsecured promise.[5] And it can properly be suggested that security requiring protracted litigation to realize upon is virtually no security at all. However, we do not find the real estate at bar to fit within either category. It is a matter of general knowledge that real estate is readily saleable in Chester County and commands what is best described as a premium price. The execution process necessary to bring the property to

4. Bonds and other obligations secured by real property are routinely accepted by the courts of this Commonwealth in a wide variety of proceedings. Probably the most obvious of these is bail posted by one accused of crime. See Pa.R.Crim.P. 4006(e).

5. We need not run the gamut, but one or two examples quickly come to mind: corporate securities and other assets for which there are no markets, and real estate encumbered by a multitude of liens held by a variety of lienholders.

sale is neither burdensome nor protracted, and the costs are minimal.

In summary, we find the security underlying respondents' bond at bar to be adequate and appropriate within the context of section 916 of the MPC. Accordingly, we deny and dismiss petitioners' motion to require respondents to post cash bond, or in lieu thereof, the obligation of a corporate surety, and we overrule petitioners' objection to the bond heretofore approved by this court.