Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* George Roscoe, Inc., Appellee.

Submitted on briefs, May 4, 1981, to Judges MENCER, ROGERS and WILLIAMS JR., sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him, *James J. Fitzgerald, III,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for appellant.

*Louis E. Caputo,* with him, *Bruce A. Carsia,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., July 7, 1981:

Pursuant to Section 404 of the Liquor Code, Act of April 12, 1951, P.L. 90 *as amended,* 47 P.S. §4-404, appellee George Roscoe, Inc. filed an application for the transfer of a liquor license before the Pennsylvania Liquor Control Board (LCB). The LCB denied the request because (1) the pertinent premises are within 300 feet of both a municipal park and a ballfield, (2) individuals other than the applicant would have a pecuniary interest in the restaurant, and (3) granting the application would have an adverse effect on the welfare, health, peace, and morals of the neighborhood within a 500 foot radius.

Under the provisions of 47 P.S. §4-464, Roscoe appealed that determination to the Allegheny County Court of Common Pleas, which reversed the decision of the LCB and ordered the approval of the transfer application, stating that

(1) neither the municipal park nor the ballfield constitute "playgrounds" as that word is used in Section 404, and therefore the 300 foot proximity is irrelevant,

(2) the record clearly establishes that Roscoe is the only person with any pecuniary interest in the restaurant, and the LCB abused its discretion in finding otherwise, and

(3) the determination of the adverse effect on the neighborhood was also an abuse of discretion, since the evidence upon which it was based was "at most, general and speculative," and "not substantial."[1]

---

[1] Lower Court Opinion, page 10.

The LCB appealed to this Court, raising as its only question the issue of whether either the municipal park, or the ballfield, or both, constitute "public playgrounds" within the ambit of Section 404. In holding that they do not, we do not preclude the possibility that a municipal park or a ballfield may have, as part of its premises, a playground. However, the record in this case indicates that that is not the situation here.

As this Court noted in *Improved Benevolent Protective Order of Elks, Uniontown, Pennsylvania, Liquor License Case,* 30 Pa. Commonwealth Ct. 526, 528, 374 A.2d 747, 748 (1977):

> [T]he Legislature has given the Board discretion to approve or refuse license applications or applications to transfer licenses and . . . the function of the lower court on appeal is not to substitute its discretion for that of the Board, but merely to determine whether the Board abused its administrative discretion.

The LCB can manifest an abuse of discretion not only by committing an error of judgment, but also by overriding or misapplying the law. *Man O'War Racing Association, Inc. v. State Horse Racing Commission,* 433 Pa. 432, 250 A.2d 172 (1969); *Mont-Bux, Inc. v. R.C.J. McKinstry,* 27 Pa. Commonwealth Ct. 194, 365 A.2d 1329 (1976).

The parties agree that the resolution of this conflict lies in our interpretation of the word "playground," as used in the statute, since the LCB may, in its discretion, refuse to transfer a license to a new location upon finding that it is within 300 feet of a public playground. 47 P.S. §4-404. Since the word is not defined in the Liquor Code, we must construe it according to its common and approved meaning. 1 Pa. C. S. §1903.

"Playground" is defined in Webster's Third New International Dictionary, unabridged, as "1: a piece

of ground used for and usu. having special facilities for recreation *esp. by children."* (Emphasis added.) The pertinent definition of "park" from the same source is, "2: a tract of land maintained by a city or town as a place of beauty or of public recreation."

Testimony indicates that Renziehausen Park is a 219 acre tract of land owned, operated, and maintained by the municipality, located directly across a busy boulevard from the applicant's premises. It is used by members of the community for outdoor gatherings, including weddings and picnics, at which alcohol is often served. The city has rather selectively enforced its ordinance against having liquor in the park.[2]

The nearby ballfield, Helen Richey Memorial Field, is a fullsized ball park, used by adult and high school teams,[3] surrounded by an eight-foot fence.

As the lower court aptly noted, at page 8 of its opinion:

> While parks and playgrounds fall under the common heading of recreational areas and facilities, they are readily distinguishable in that parks are designed for the public generally,

---

[2] The Director of Community Development for the city testified, when being questioned concerning the selective enforcement, as follows:

[I]f you have a wedding reception it is not very feasible for them to have it if they are not allowed to have liquor at the affair. They don't rent it, to begin with. They would like to because we sort of cater to residents, try to rent it to them first. That is one reason for that. Picnics you can hardly stop it. They decided under the circumstances it would be permitted. It is very difficult for them to check.

[3] Testimony of the Director of Community Development:

Q: Who generally uses the field here?

A: The high school baseball team uses it. Mainly older kids and adults.

playgrounds are designed for minor children exclusively.

"Park" is obviously a far more comprehensive word than "playground"; a park may contain one or more playgrounds, or ball fields, but the reverse cannot be said so readily.

We hereby hold that the lower court properly sustained the appeal of the instant order of the LCB, when the said LCB decision was based on an error of law committed in the misconstruction of the word "playground" as used in Section 404 of the Liquor Code, 47 P.S. §4-404. It is a legislative function, not to be usurped by the judiciary, to expand the limitations of Section 404 as the appellant wishes.

### ORDER

AND Now, the 7th day of July, 1981, the decision of the Allegheny County Court of Common Pleas, entered April 14, 1980, to S.A. No. 1339 of 1979, is hereby affirmed.