In Re: Morvin, Inc. Harvey's Pizza Den. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Patrick M. McHugh,* with him *J. Leonard Langan,* Chief Counsel, for appellant.

*Barry Goldstein, Pincus, Verlin, Hahn, Reich & Goldstein, P.C.,* for appellees.

PER CURIAM, March 1, 1983:

This case originated as the appeal of Morvin, Inc. from the refusal by the Pennsylvania Liquor Control Board (LCB) of its application to transfer a restaurant liquor license and provisional Sunday sales permit. The LCB refused the transfer application on the ground that the premises proposed to be licensed is located within three hundred feet of a playground. Morvin, Inc. appealed to the Court of Common Pleas of Philadelphia County, which court reversed the determination of the LCB. Further review was sought by the LCB in this Court which, following the presentation of written and oral argument, entered an order dated December 14, 1981, remanded the record for further proceedings including the receipt of additional evidence on the matter of the playground facilities. We reasoned that our recent opinion in *Pennsylvania Liquor Control Board v. Roscoe, Inc.*, 60 Pa. Commonwealth Ct. 362, 431 A.2d 1119 (1981), made necessary a determination of the extent, if any, to which the public facilities are properly categorizable as a park rather than a playground—an issue concerning which the parties had previously devoted no evidentiary attention.

Following our remand order, a further hearing was conducted by the trial court on March 4, 1982, and conflicting evidence was adduced as to those portions of the public facilities which are properly categorizable as a park. Following the hearing, the trial court judge transmitted the notes of testimony to this Court, a new briefing schedule was established, and the case was briefed, listed and argued. Our decision of the cause, however, is precluded at this time by the failure of the trial court to enter an adjudication following our earlier remand. The disputed factual issue was not resolved, no findings were made, no

388

conclusions arrived at as to the application of *Roscoe, Inc.*, and no order was entered. It is evident that the trial court misunderstood the intent of our December 14, 1981 order which contemplated not only the receipt of new evidence but the issuance of findings of fact and conclusions of law and an appropriate final order. Of course, as an appellate court we may not perform these functions. Accordingly, we are constrained to, and do, again remand the record for proceedings consistent with this opinion; jurisdiction is relinquished.

PER CURIAM ORDER

AND Now, this 1st day of March, 1983, the record in the above-captioned matter is remanded to the Court of Common Pleas of Philadelphia County for further proceedings consistent with this opinion including findings of fact, conclusions of law and a final order; jurisdiction is relinquished.